**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **OCTAVIA MITCHELL as Personal Representative** | ) | |
| **of the Estate of IZAEL C. JACKSON, and** | ) | **Case No.** |
| **OCTAVIA MITCHELL, individually,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **JURY DEMANDED** |
| | ) | |
| **UNKNOWN CHICAGO POLICE OFFICERS, and** | ) | |
| **the CITY OF CHICAGO,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, OCTAVIA MITCHELL, as personal representative of the estate of IZAEL C. JACKSON, deceased, and OCTAVIA MITCHELL, individually, and demands trial by jury and alleges against the Defendants, THE CITY OF CHICAGO and UNKNOWN CHICAGO POLICE OFFICERS, as follows:

### JURISDICTION

1.     The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a) and the Constitution of the United States.

### VENUE

2.     Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1391(b) as at least one of the Defendants resides in Cook County, located in this District.

**PARTIES**

3.      The Plaintiff, Octavia Mitchell, is the appointed personal representative of the Estate of Izael C. Jackson, deceased.

4.      At all times relevant to this matter, Unknown Chicago Police Officers ("Unknown Defendant Officers"), were duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois.  The Unknown Defendant Officers are sued in their individual capacities.

5.      The Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Unknown Defendant Officers.

6.      At all times relevant to this Complaint, the Unknown Defendant Officers were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois.

**FACTS COMMON TO ALL COUNTS**

7.      On or about April 24, 2010, the Decedent, Izael C. Jackson, was a  passenger in a vehicle traveling in the City of Chicago.

8.      On said date and at said time, the Unknown Defendant Officers, made a traffic stop.

9.      At said time, without provocation, Unknown Defendant Officer(s) directed and discharged his (their) firearm(s) at Izael C. Jackson, shooting and fatally wounding him.

10.      Izael C. Jackson died from the gunshot wound he sustained when he was shot by the Unknown Defendant Officers.

11.      At least one witness observed the interactions between the Unknown Defendant

2

Officers and Izael C. Jackson. This witness did not observe Izael C. Jackson take action that warranted Unknown Defendant Officer(s) to discharge his (their) firearm(s) or that would otherwise warrant Izael Jackson to be shot dead.

12.     On April 24, 2010, Izael C. Jackson did not assault and/or batter the Unkonwn Defendant Officer(s).

13.     On April 24, 2010, Izael C. Jackson did not threaten the Defendant Officer(s).

14.     On April 24, 2010, Izael C. Jackson did not provoke the Defendant Officer(s) in any manner that justified the use of force against him.

15.     On April 24, 2010, Izael C. Jackson did not have a weapon on his person when he was shot by Unknown Defendant Officer(s).

16.     On April 24, 2010, Izael C. Jackson did not engage in any activity that caused the Defendant Officer(s) to believe that he was going to cause them injury.

17.     It was not necessary for Unknown Defendant Officer(s) to shoot Izael C. Jackson on April 24, 2010.

18.     The use of force initiated and utilized by Unknown Defendant Officer(s) was excessive, unreasonable and unjustifiably caused Izael C. Jackson's death.

19.     The force utilized by the Defendant Officer(s) was reckless, willful and utterly disregarded the rights and safety of Izael C. Jackson. This conduct was performed deliberately, with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of Izael C. Jackson.

20.     The conduct of the Unknown Defendant Officer(s) proximately caused Izael C. Jackson's death.

3

21.     As a result of Izael C. Jackson's death, his heirs have been deprived of his companionship, society, love, affection and a pecuniary interest.

22.     As a result of the conduct of the Defendant Officer(s), Izael C. Jackson suffered pain and anguish prior to his death.

## COUNT I
### (Section 1983 Claim Against Unknown Defendant Officers
### Excessive Force  - Wrongful Death)

23.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

24.     The discharge of a firearm by Unknown Defendant Officer(s), without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

25.     The conduct of the Defendant(s) proximately caused Izael C. Jackson's death and for Izael C. Jackson's heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT II
### (Section 1983 Claim Against Defendant Officers
### Excessive Force - Survival Act)

26.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

4

27.     The discharge of a firearm by Unknown Defendant Officer(s), without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

28.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

29.     The actions of Unknown Defendant Officer(s) proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

30.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT III
**(Section 1983 Claim Against Unknown Defendant Officers
Failure to Intervene - Wrongful Death)**

31.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

32.     The failure of Unknown Defendant Officer(s) to intervene when Unknown Defendant Officer(s) displayed and directed his (their) firearm(s) at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of §42 U.S.C. 1983.

33.     The conduct of the Unknown Defendant Officer(s) proximately caused Izael C. Jackson's death and for his heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

### COUNT IV
**(Section 1983 Claim Against Unknown Defendant Officers**
**Failure to Intervene - Survival Act)**

34.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

35.     The failure of Unknown Defendant Officer(s) to intervene when Unknown Defendant Officer(s) displayed and directed his (their) firearm(s) at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of §42 U.S.C. 1983.

36.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's Estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

37.     The actions of the Defendant Officer(s) proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

38.     Such action has survived him and accrued to the benefit of his heirs at law.

6

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT V
### (Assault and Battery Against Unknown Defendant Officers - Wrongful Death)

39.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

40.     Unknown Defendant Officer(s) intentionally directed and discharged his (their) firearm(s) at Izael C. Jackson without provocation or just cause.

41.     Unknown Defendant Officer(s) shot and killed Izael C. Jackson without just cause.

42.     Izael C. Jackson did not consent to having a firearm pointed at him.

43.     Izael C. Jackson did not consent to being shot by Unknown Defendant Officer(s).

44.     The Unknown Defendant Officer(s) placed Izael C. Jackson in apprehension of being battered, thus constituting an assault under Illinois law.

45.     Unknown Defendant Officer(s) committed a battery against Izael C. Jackson under Illinois law.

46.     Unknown Defendant Officer(s)' conduct proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, and award compensatory

damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VI
### (Assault and Battery Against Defendant Officer - Survival Act)

47.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

48.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

49.     Unknown Defendant Officer(s) intentionally directed and discharged his (their) firearm(s) at  Izael C. Jackson without provocation or just cause.

50.     Unknown Defendant Officer(s) shot and killed Izael C. Jackson without provocation or just cause.

51.     Izael C. Jackson did not consent to having a firearm directed or fired at his person.

52.     Izael C. Jackson did not consent to being shot by Unknown Defendant Officer(s).

53.     The actions of the Unknown Defendant Officer(s) placed Izael C. Jackson in apprehension of being battered, and thus constituted an assault under Illinois law.

54.     The Unknown Defendant Officer(s) who shot Izael C. Jackson committed a battery under Illinois law.

55.     Unknown Defendant Officer(s)' actions proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

8

56.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, and each of them, award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

### COUNT VII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior Wrongful Death)

57.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

58.     The City of Chicago, by and through the Unknown Defendant Officers, owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

59.     Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, the Unknown Defendant Officers committed the following willful and wanton acts:

a.      Discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

b.      Shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

c.      Discharged a firearm at Izael C. Jackson although he was unarmed; and

d.      Shot Izael C. Jackson although he was unarmed.

60.     The acts and omissions of the City of Chicago, by and through the Unknown Defendant Officers, proximately caused Izael C. Jackson's death, thereby depriving his heirs of

his society, companionship, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VIII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior Survival Act)

61.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

62.     Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell , as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

63.     The City of Chicago, by and through the Unknown Defendant Officers, owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

64.     Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, the Unknown Defendant Officers committed the following willful and wanton acts:

    a.     Discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

    b.     Shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

    c.     Discharged a firearm at Izael C. Jackson although he was unarmed; and

d.     Shot Izael C. Jackson although he was unarmed.

65.     The acts and omissions of the City of Chicago, by and through the Unknown

Defendant Officers, proximately caused Izael C. Jackson to sustain injuries of a personal and

pecuniary nature, including pain and suffering prior to his death for which, had he survived, he

would have been entitled to maintain an action.

66.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment

in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff

compensatory damages, costs incurred in this matter, and any further relief that this Court deems

just.

## COUNT IX
**(State Law Claim Against Unknown Defendant Officers for Willful and Wanton Behavior
Wrongful Death)**

67.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as

though fully set forth in this Count.

68.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from

willful,

wanton and reckless behavior during his interactions with him on April 24, 2010.

69.     Notwithstanding the duties he owed to Izael C. Jackson, Unknown Defendant

Officers committed the following willful and wanton acts:

a.     Discharged a firearm at Izael C. Jackson although he knew, or in the
exercise of reasonable care should have known, that Izael C. Jackson did not pose
an imminent threat to the Unknown Defendant Officers;

b.     Shot Izael C. Jackson although he knew, or in the exercise of reasonable
care should have known, that Izael C. Jackson did not pose an imminent threat to

11

the Unknown Defendant Officers;

c.     Discharged a firearm at Izael C. Jackson although he was unarmed; and

d.     Shot Izael C. Jackson although he was unarmed.

70.     Unknown Defendant Officer(s)' acts and omissions proximately caused Izael C.

Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and

pecuniary interest.

WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff

and against the Defendants, and each of them, and for compensatory damages, costs incurred in

this matter, and any further relief that this Court deems just.

## <u>COUNT X</u>
**(State Law Claim Against Unknown Defendant Officers for Willful and Wanton Behavior Survival Act)**

71.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as

though fully set forth in this Count.

72.     Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell,

as Izael C. Jackson's appointed representative, brings this action to recover damages resulting

from injuries to Izael C. Jackson.

73.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain engaging

willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

74.     Notwithstanding the duties the Unknown Defendant Officers owed to Izael C.

Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

a.     Discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

12

b.      Shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

c.      Discharged a firearm at Izael C. Jackson although he was unarmed; and

d.      Shot Izael C. Jackson although he was unarmed.

75.      The acts and omissions of the Unknown Defendant Officers proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

76.      Such action has survived him and accrued to the benefit of his heirs at law.

77.      As a direct and proximate result of one or more the aforesaid acts or omissions of the Unknown Defendant Officers, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

78.      Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against the Defendants, and each of them, and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XI
### (State Law Claim Against Unknown Defendant Officers for Willful and Wanton Behavior - Wrongful Death)

79.      The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

80.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

81.     Notwithstanding the duties he owed to Izael C. Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

a.     Failed to intervene when Unknown Defendant Officer(s) displayed and directed his(their) firearm(s) at Izael C. Jackson, and shot him, without provocation; and

b.     Otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on April 24, 2010.

82.     The Unknown Defendant Officer(s)' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff, and against the Defendants, and each of them, and for compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XII
### (State Law Claim Against Unknown Defendant Officers for
### Willful and Wanton Behavior - Survival Act)

83.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

84.     Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

85.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from engaging willful, wanton and reckless conduct during his interactions with him on April 24,

14

2010.

86.     Notwithstanding the duties the Unknown Defendant Officers owed to Izael C.

Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

a.      Failed to intervene when Unknown Defendant Officers displayed and directed his
firearm at Izael C. Jackson, and shot him, without provocation; and

b.      Otherwise acted willfully and wantonly during his interactions with Izael C.
Jackson on April 24, 2010.

87.     The acts and omissions of Unknown Defendant Officers proximately caused Izael

C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering

prior to his death for which, he had survived, he would have been entitled to maintain an action.

88.     Such action has survived him and accrued to the benefit of his heirs at law.

89. As a direct and proximate result of one or more the aforesaid acts or

omissions of the Unknown Defendant Officers, the Decedent, Izael C. Jackson, was injured and

suffered damages of a personal and pecuniary nature, including pain and suffering prior to his

death for which, had he survived, he would have been entitled to maintain an action.

90.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment

in favor of the Plaintiff, and against the Defendants, and each of them, and award the Plaintiff

compensatory damages, costs incurred in this matter, and any further relief that this Court deems

just.

## COUNT XIII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

91.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 90 as

15

though fully set forth this Count.

92.     The City of Chicago was at all times relevant to this complaint charged with oversight of the Unknown Defendant Officers.

93.     The City of Chicago was at all times relevant to this complaint the employer of the Unknown Defendant Officers.

94.     The Unknown Defendant Officers committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable for the acts alleged in this complaint, Plaintiff demands that pursuant to 745  ILCS  10/9-102, the CITY OF CHICAGO pay any judgment obtained against the Unknown Defendant Officers in connection with this litigation and such other additional relief, as this Court deems equitable and just.

<u>COUNT XIV</u>
**(Respondeat Superior Claim Against the City of Chicago)**

95.     The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 90 as though fully set forth in this Count.

96.     The Unknown Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, and discharged in the conduct complained of in the course and scope of their employment.

97.     The City of Chicago is and was at all times material to this Complaint the employer and principal of the Unknown Defendant Officers.

98.     The above-referenced acts of the Unknown Defendant Officers were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Unknown Defendant Officers, is liable for the actions of its

16

agents under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment against in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff compensatory damages and any further relief this Honorable Court deems just.

Respectfully submitted,
OCTAVIA MITCHELL, as personal representative
of the estate of IZAEL C. JACKSON, deceased,
and OCTAVIA MITCHELL, individually

/s/ Deidre Baumann
_____
By:     One of Her Attorneys

Deidre Baumann
Baumann & Shuldiner
20 S. Clark St., Ste. 500
Chicago, IL 60603
(312) 558-3119