**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| OCTAVIA MITCHELL as Personal Representative | ) | |
| of the Estate of IZAEL C. JACKSON, and | ) | |
| OCTAVIA MITCHELL, individually, | ) | 11 C 2741 |
| | ) | |
| Plaintiffs, | ) | Judge Coleman |
| | ) | |
| vs. | ) | |
| | ) | Magistrate Judge Mason |
| UNKNOWN CHICAGO POLICE OFFICERS, and | ) | |
| the CITY OF CHICAGO, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S ANSWER
TO PLAINTIFF'S COMPLAINT AT LAW, DEFENSES AND JURY DEMAND**

Defendant, the City of Chicago ("City"), by one of its attorneys, Kathryn M. Doi,

Assistant Corporation Counsel, hereby answers the Complaint and states:

**JURISDICTION**

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a) and the Constitution of the United States.

**ANSWER:**  Defendant City admits the allegations contained in this paragraph.

**VENUE**

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook County, located in this District.

**ANSWER:**  Defendant City admits that venue is proper.

**PARTIES**

3.      The Plaintiff, Octavia Mitchell, is the appointed personal representative of the Estate of Izael C. Jackson, deceased.

1

**ANSWER:**  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

4.     At all times relevant to this matter, Unknown Chicago Police Officers ("Unknown Defendant Officers"), were duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois.  The Unknown Defendant Officers are sued in their individual capacities.

**ANSWER:**  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5.     The Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Unknown Defendant Officers.

**ANSWER:** Defendant City admits that it is a duly incorporated municipal corporation. Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

6.     At all times relevant to this Complaint, the Unknown Defendant Officers were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:**  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

7.     On or about April 24, 2010, the Decedent, Izael C. Jackson, was a passenger in a vehicle traveling in the City of Chicago.

**ANSWER:**  As Plaintiff has failed to identify during which time(s) the decedent was a passenger in a vehicle, Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

8.     On said date and at said time, the Unknown Defendant Officers made a traffic stop.

2

**ANSWER:** As Plaintiff has failed to identify the unknown defendant officers to whom she is referring, Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9.      At said time, without provocation, Unknown Defendant Officer(s) directed and discharged his (their) firearm(s) at Izael C. Jackson, shooting and fatally wounding him.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

10.      Izael C. Jackson died from the gunshot wound he sustained when he was shot by the Unknown Defendant Officers.

**ANSWER:** Upon information and belief, Defendant City admits that Izael Jackson was shot and that he died.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

11.      At least one witness observed the interactions between the Unknown Defendant Officers and Izael C. Jackson.  This witness did not observe Izael C. Jackson take action that warranted Unknown Defendant Officer(s) to discharge his (their) firearm(s) or that would otherwise warrant Izael Jackson to be shot dead.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12.      On April 24, 20l0, Izael C. Jackson did not assault and/or batter the Unknown Defendant Officer(s).

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

13.      On April 24, 20l0, Izael C. Jackson did not threaten the Defendant Officer(s).

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

14.     On April 24, 20l0, Izael C. Jackson did not provoke the Defendant Officer(s) in any manner that justified the use of force against him.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

15.     On April 24, 20l0, Izael C. Jackson did not have a weapon on his person when he was shot by Unknown Defendant Officer(s).

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

16.     On April 24, 2010, Izael C. Jackson did not engage in any activity that caused the Defendant Officer(s) to believe that he was going to cause them injury.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

17.     It was not necessary for Unknown Defendant Officer(s) to shoot Izael C. Jackson on April 24, 20l0.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

18.     The use of force initiated and utilized by Unknown Defendant Officer(s) was excessive, unreasonable and unjustifiably caused Izael C. Jackson's death.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

19.     The force utilized by the Defendant Officer(s) was reckless, willful and utterly disregarded the rights and safety of Izael C. Jackson.  This conduct was performed deliberately, with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of Izael C. Jackson.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained

in this paragraph.

4

20.     The conduct of the Unknown Defendant Officer(s) proximately caused Izael C. Jackson's death.

**ANSWER:**  Upon information and belief, Defendant City admits that Izael Jackson was shot and that he died, but denies that the shooting was wrongful, and therefore denies the allegations contained in this paragraph.

21.     As a result of Izael C. Jackson's death, his heirs have been deprived of his companionship, society, love, affection and a pecuniary interest.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

22.     As a result of the conduct of the Defendant Officer(s), Izael C. Jackson suffered pain and anguish prior to his death.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff.  Defendant City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT I
### (Section 1983 Claim Against Unknown Defendant Officers
### Excessive Force - Wrongful Death)

23.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

5

24.     The discharge of a firearm by Unknown Defendant Officer(s), without provocation, constitutes an excessive use of force in violation of 42 U.S.C. §1983 and the United States Constitution.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law and, upon information and belief, denies the remaining allegations contained within this paragraph.

25.     The conduct of the Defendant(s) proximately caused lzael C. Jackson's death and for Izael C. Jackson's heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff, and denies that Plaintiff is entitled to such damages.  Defendant City denies the remaining allegations contained in this paragraph.

## COUNT II
### (Section 1983 Claim Against Defendant Officers
### Excessive Force - Survival Act)

26.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

27.     The discharge of a firearm by Unknown Defendant Officer(s), without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law and, upon information and belief, denies the remaining allegations contained within this paragraph.

28.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

6

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and therefore denies the allegations contained within this paragraph.

29. The actions of Unknown Defendant Officer(s) proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:** Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff, and denies that Plaintiff is entitled to such damages. Defendant City denies the remaining allegations contained in this paragraph.

30. Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

**COUNT III**
**(Section 1983 Claim Against Unknown Defendant Officers**
**Failure to Intervene - Wrongful Death)**

31. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

32. The failure of Unknown Defendant Officer(s) to intervene when Unknown Defendant Officer(s) displayed and directed his (their) firearm(s) at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of §42 U.S.C. 1983.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

33.    The conduct of the Unknown Defendant Officer(s) proximately caused Izael C. Jackson's death and for his heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants

committed the wrongful conduct complained of by Plaintiff, and denies that Plaintiff is entitled

to such damages.  Defendant City denies the remaining allegations contained in this paragraph.

<u>**COUNT IV**</u>
**(Section 1983 Claim Against Unknown Defendant Officers**
**Failure to Intervene - Survival Act)**

34.    The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

35.    The failure of Unknown Defendant Officer(s) to intervene when Unknown Defendant Officer(s) displayed and directed his (their) firearm(s) at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of 42 U.S.C. §1983.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

36.    Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's Estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

37.    The actions of the Defendant Officer(s) proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and

suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:** Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff, and denies that Plaintiff is entitled to such damages. Defendant City denies the remaining allegations contained in this paragraph.

38. Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

## COUNT V
### (Assault and Battery Against Unknown Defendant Officers - Wrongful Death)

39. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

40. Unknown Defendant Officer(s) intentionally directed and discharged his (their) firearm(s) at lzael C. Jackson without provocation or just cause.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

41. Unknown Defendant Officer(s) shot and killed Izael C. Jackson without just cause.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

42. Izael C. Jackson did not consent to having a firearm pointed at him.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a

9

belief as to the truth of the allegations contained in this paragraph.

43.    Izael C. Jackson did not consent to being shot by Unknown Defendant Officer(s).

**ANSWER:**  Defendant City is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

44.    The Unknown Defendant Officer(s) placed lzael C. Jackson in apprehension of being battered, thus constituting an assault under Illinois law.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law and

denies the remaining allegations contained in this paragraph.

45.    Unknown Defendant Officer(s) committed a battery against Izael C. Jackson under Illinois law.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

46.    Unknown Defendant Officer(s)' conduct proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants

committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations

contained in this paragraph.

## COUNT VI
### (Assault and Battery Against Defendant Officer - Survival Act)

47.    The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

48.    Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from

10

injuries to Izael C. Jackson.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and

therefore denies the allegations contained in this paragraph.

49.     Unknown Defendant Officer(s) intentionally directed and discharged his (their)
firearm(s) at Izael C. Jackson without provocation or just cause.

**ANSWER:** Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

50.     Unknown Defendant Officer(s) shot and killed Izael C. Jackson without
provocation or just cause.

**ANSWER:** Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

51.     Izael C. Jackson did not consent to having a firearm directed or fired at his person.

**ANSWER:** Defendant City is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

52.     Izael C. Jackson did not consent to being shot by Unknown Defendant Officer(s).

**ANSWER:** Defendant City is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in this paragraph.

53.     The actions of the Unknown Defendant Officer(s) placed Izael C. Jackson in
apprehension of being battered, and thus constituted an assault under Illinois law.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and

denies the remaining allegations contained in this paragraph.

54.     The Unknown Defendant Officer(s) who shot Izael C. Jackson committed a
battery under Illinois law.

11

**ANSWER:** Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

55.     Unknown Defendant Officer(s)' actions proximately caused Izael C. Jackson to
sustain injuries and suffer damages of a personal and pecuniary nature, including pain and
suffering prior to his death for which, had he survived, he would have been entitled to maintain
an action.

**ANSWER:** Upon information and belief, Defendant City denies that the defendants

committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations

contained in this paragraph.

56.     Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

## COUNT VII
**(State Law Claim Against the City of Chicago
for Willful and Wanton Behavior Wrongful Death)**

57.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as
though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

58.     The City of Chicago, by and through the Unknown Defendant Officers, owed
Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their
interactions with him on April 24, 2010.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and

therefore denies the allegations contained in this paragraph.

59.     Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, the
Unknown Defendant Officers committed the following willful and wanton acts:

12

a.  Discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

b.  Shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

c.  Discharged a firearm at Izael C. Jackson although he was unarmed; and

d.  Shot lzael C. Jackson although he was unarmed.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations contained in this paragraph.

60.  The acts and omissions of the City of Chicago, by and through the Unknown Defendant Officers, proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant City requests that judgment be entered in its favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT VIII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior Survival Act)

61.  The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

62.  Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as

representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and

therefore denies the allegations contained in this paragraph.

63.     The City of Chicago, by and through the Unknown Defendant Officers, owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and

therefore denies the allegations contained in this paragraph.

64.     Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, the Unknown Defendant Officers committed the following willful and wanton acts:

a.      Discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

b.      Shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

c.      Discharged a firearm at lzael C. Jackson although he was unarmed; and

d.      Shot Izael C. Jackson although he was unarmed.

**ANSWER:** Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

65.     The acts and omissions of the City of Chicago, by and through the Unknown Defendant Officers, proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:** Upon information and belief, Defendant City denies that the defendants

committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations

14

contained in this paragraph.

66.     Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

**WHEREFORE**, Defendant City requests that judgment be entered in its favor and

against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

**COUNT IX**
**(State Law Claim Against Unknown Defendant Officers**
**for Willful and Wanton Behavior Wrongful Death)**

67.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as
though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

68.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from willful,
wanton and reckless behavior during his interactions with him on April 24, 2010.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law and

therefore denies the allegations contained in this paragraph.

69.     Notwithstanding the duties he owed to Izael C. Jackson, Unknown Defendant
Officers committed the following willful and wanton acts:

a.      Discharged a firearm at Izael C. Jackson although he knew, or in the exercise of
        reasonable care should have known, that Izael C. Jackson did not pose an
        imminent threat to the Unknown Defendant Officers;

b.      Shot Izael C. Jackson although he knew, or in the exercise of reasonable care
        should have known, that Izael C. Jackson did not pose an imminent threat to the
        Unknown Defendant Officers;

15

  c.  Discharged a firearm at Izael C. Jackson although he was unarmed; and

  d.  Shot Izael C. Jackson although he was unarmed.

  **ANSWER:** Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

  70.  Unknown Defendant Officer(s)' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

  **ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

## COUNT X
### (State Law Claim Against Unknown Defendant Officers
### for Willful and Wanton Behavior Survival Act)

  71.  The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

  **ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

  72.  Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

  **ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and

therefore denies the allegations contained in this paragraph.

  73.  Unknown Defendant Officers owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

  **ANSWER:** Defendant City denies that this is an accurate statement of existing law and

16

therefore denies the allegations contained in this paragraph.

74.    Notwithstanding the duties the Unknown Defendant Officers owed to Izael C. Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

    a.    Discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

    b.    Shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

    c.    Discharged a firearm at Izael C. Jackson although he was unarmed; and

    d.    Shot lzael C. Jackson although he was unarmed.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations

contained in this paragraph.

75.    The acts and omissions of the Unknown Defendant Officers proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants

committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations

contained in this paragraph.

76.    Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

77.    As a direct and proximate result of one or more the aforesaid acts or omissions of the Unknown Defendant Officers, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:** Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

78. Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

**COUNT XI**
**(State Law Claim Against Unknown Defendant Officers**
**for Willful and Wanton Behavior - Wrongful Death)**

79. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are incorporated by reference as though fully set forth herein.

80. Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and therefore denies the allegations contained in this paragraph.

81. Notwithstanding the duties he owed to Izael C. Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

a. Failed to intervene when Unknown Defendant Officer(s) displayed and directed his(their) firearm(s) at Izael C. Jackson, and shot him, without provocation; and

b. Otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on April 24, 2010.

**ANSWER:** Upon information and belief, Defendant City denies the allegations contained in this paragraph.

18

82.     The Unknown Defendant Officer(s)' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies

the remaining allegations contained in this paragraph.

## COUNT XII
### (State Law Claim Against Unknown Defendant Officers for Willful and Wanton Behavior - Survival Act)

83.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 22 are

incorporated by reference as though fully set forth herein.

84.     Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law,

denies that the defendants committed the wrongful conduct complained of by Plaintiff and

therefore denies the allegations contained in this paragraph.

85.     Unknown Defendant Officers owed Izael C. Jackson a duty to refrain from engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

**ANSWER:** Defendant City denies that this is an accurate statement of existing law and

therefore denies the allegations contained in this paragraph.

86.     Notwithstanding the duties the Unknown Defendant Officers owed to Izael C. Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

   a.     Failed to intervene when Unknown Defendant Officers displayed and directed his firearm at Izael C. Jackson, and shot him, without provocation; and

b.  Otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on Apri1 24, 2010.

**ANSWER:**  Upon information and belief, Defendant City denies the allegations contained in this paragraph.

87.  The acts and omissions of Unknown Defendant Officers proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

88.  Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

89.  As a direct and proximate result of one or more the aforesaid acts or omissions of the Unknown Defendant Officers, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:**  Upon information and belief, Defendant City denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

90.  Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**  Defendant City denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

## COUNT XIII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

91.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 90 as though fully set forth in this Count.

**ANSWER:**  Defendant City's answers to the foregoing paragraphs 1 through 90 are

incorporated by reference as though fully set forth herein.

92.     The City of Chicago was at all times relevant to this complaint charged with oversight of the Unknown Defendant Officers.

**ANSWER:**  Defendant City denies that this accurately states the duty owed to the

decedent and/or Plaintiff, denies that this is an accurate statement of existing law and, therefore,

denies the allegations contained in this paragraph.

93.     The City of Chicago was at all times relevant to this complaint the employer of the Unknown Defendant Officers.

**ANSWER:**  As Plaintiff has failed to identify the unknown defendant officers to whom

she is referring, Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

94.     The Unknown Defendant Officers committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**  As Plaintiff has failed to identify the unknown defendant officers to whom

she is referring, Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**WHEREFORE**, Defendant City requests that judgment be entered in its favor and

against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems

necessary and proper.

## COUNT XIV
### (Respondeat Superior Claim Against the City of Chicago)

95.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 90 as though fully set forth in this Count.

**ANSWER:** Defendant City's answers to the foregoing paragraphs 1 through 90 are

incorporated by reference as though fully set forth herein.

96.     The Unknown Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, and discharged in the conduct complained of in the course and scope of their employment.

**ANSWER:** As Plaintiff has failed to identify the unknown defendant officers to whom

she is referring, Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

97.     The City of Chicago is and was at all times material to this Complaint the employer and principal of the Unknown Defendant Officers.

**ANSWER:** As Plaintiff has failed to identify the unknown defendant officers to whom

she is referring, Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

98.     The above-referenced acts of the Unknown Defendant Officers were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Unknown Defendant Officers, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:** As Plaintiff has failed to identify the unknown defendant officers to whom

she is referring, Defendant City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.  Defendant City affirmatively states

that neither it nor any of its police officers committed the wrongful conduct complaint of by

Plaintiff, and therefore, denies the remaining allegations in this paragraph.

22

**WHEREFORE**, Defendant City requests that judgment be entered in its favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## AFFIRMATIVE DEFENSES

1.      Under the Illinois Tort Immunity Act, Defendant City is not liable for any of the state law claims alleged because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which the City and its employees are immune from liability.  745 ILCS 10/2-201.

2.      To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

3.      To the extent that Plaintiff failed to mitigate any of her claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

4.      As to Plaintiff's state law claims, Defendant City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

5.      Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109 (2006).

6.     As to the state law claims, at the time of the incident alleged in Plaintiff's Complaint, the defendant officers were City employees, namely police officers, who were engaged in the execution and enforcement of the law.  Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct.  745 ILCS 10/2-202 (2002).  The acts and/or omissions of the defendant officers were not willful and wanton.  Therefore, the defendant officers are not liable to Plaintiff.

7.     Defendants are not liable for any of Plaintiff's alleged state law claims because a public employee, as such and acting within the scope of his/her employment, is not liable for an injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2002).

8.     As to the state law claims, under the Illinois Tort Immunity Act, Defendants are not liable to Plaintiff relating to any action of providing or failure to provide police service.  745 ILCS 10/4-102 (2002).

**JURY DEMAND**

Defendant, the City of Chicago, requests a trial by jury.


Respectfully Submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-0742
Attorney No. 6274825

24