IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIA MITCHELL as Personal Representative of the Estate of IZAEL C. JACKSON, and OCTAVIA MITCHELL, individually, | ) ) ) ) | Case No. 11 C 2741 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | JURY DEMANDED |
| P.O. JESSE W. BELCHER, Star No. 11304, SERGEANT JAMES D. CASCONE, Star No. 1488, P.O. FRANCISCO GONZALEZ, Star No. 16782, P.O. NELSON LOPEZ, Star No. 3544, and the CITY OF CHICAGO, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, OCTAVIA MITCHELL, as personal representative of the estate of IZAEL C. JACKSON, deceased, and OCTAVIA MITCHELL, individually, and demands trial by jury and alleges against the Defendants, P.O. JESSE W. BELCHER, Star No. 11304, SERGEANT JAMES D. CASCONE, Star No. 1488, P.O. FRANCISCO GONZALEZ, Star No. 16782, P.O. NELSON LOPEZ, Star No. 3544, and THE CITY OF CHICAGO as follows:

## JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a) and the Constitution of the United States.

## VENUE

2. Venue is appropriate in the Northern District of Illinois pursuant to 28 USC §

1

1391(b) as at least one of the Defendants resides in Cook County, located in this District.

## PARTIES

3. The Plaintiff, Octavia Mitchell, is the appointed personal representative of the Estate of Izael C. Jackson, deceased.

4. At all times relevant to this matter, Chicago Police Officers, P.O. JESSE W. BELCHER, Star No. 11304, SERGEANT JAMES D. CASCONE, Star No. 1488, P.O. FRANCISCO GONZALEZ, Star No. 16782 and P.O. NELSON LOPEZ, Star No. 3544, ("Defendant Officers"), were duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois. The Defendant Officers are sued in their individual capacities.

5. The Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers.

6. At all times relevant to this Complaint, the Defendant Officers were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois.

## FACTS COMMON TO ALL COUNTS

7. On or about April 24, 2010, the Decedent, Izael C. Jackson, was a passenger in a vehicle traveling in the City of Chicago.

8. On said date and at said time, the Defendant Officers made a traffic stop.

9. At said time, without provocation, Defendant Officers directed and discharged

their firearms at Izael C. Jackson, shooting and fatally wounding him.

10. Izael C. Jackson died from the gunshot wound he sustained when he was shot by the Defendant Officers.

11. At least one witness observed the interactions between the Defendant Officers and Izael C. Jackson. This witness did not observe Izael C. Jackson take action that warranted Defendant Officers to discharge their firearms or that would otherwise warrant Izael Jackson to be shot dead.

12. On April 24, 2010, Izael C. Jackson did not assault and/or batter the Defendant Officers.

13. On April 24, 2010, Izael C. Jackson did not threaten the Defendant Officers.

14. On April 24, 2010, Izael C. Jackson did not provoke the Defendant Officers in any manner that justified the use of force against him.

15. On April 24, 2010, Izael C. Jackson did not have a weapon on his person when he was shot by Defendant Officers.

16. On April 24, 2010, Izael C. Jackson did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them injury.

17. It was not necessary for Defendant Officers to shoot Izael C. Jackson on April 24, 2010.

18. The use of force initiated and utilized by Defendant Officers was excessive, unreasonable and unjustifiably caused Izael C. Jackson's death.

19. The force utilized by the Defendant Officers was reckless, willful and utterly disregarded the rights and safety of Izael C. Jackson. This conduct was performed deliberately,

with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of Izael C. Jackson.

20. The conduct of the Defendant Officers proximately caused Izael C. Jackson's death.

21. As a result of Izael C. Jackson's death, his heirs have been deprived of his companionship, society, love, affection and a pecuniary interest.

22. As a result of the conduct of the Defendant Officers, Izael C. Jackson suffered pain and anguish prior to his death.

## COUNT I
### (Section 1983 Claim Against Defendant Officers BELCHER and GONZALEZ - Excessive Force )

23. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

24. The discharge of firearms by Defendant Officers, BELCHER and GONZALEZ without provocation, constitutes excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

25. The conduct of the Defendant Officers BELCHER and GONZALEZ proximately caused Izael C. Jackson's death and for Izael C. Jackson's heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, BELCHER and GONZALEZ, and each of them, award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT II
## [OMITTED]

## COUNT III
### (Section 1983 Claim Against Defendant Officers CASCONE and LOPEZ - Failure to Intervene)

31. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

32. The failure of Defendant Officers CASCONE and LOPEZ to intervene when Defendant Officers BELCHER and GONZALEZ displayed and directed their firearms at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of §42 U.S.C. 1983.

33. The conduct of Defendant Officers CASCONE and LOPEZ proximately caused Izael C. Jackson's death and for his heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, CASCONE and LOPEZ, and each of them, and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT IV
## [OMITTED]

## COUNT V
### (Assault and Battery Against Defendant Officers BELCHER and GONZALEZ
### - Wrongful Death)

34. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

35. Defendant Officers BELCHER and GONZALEZ intentionally directed and discharged their firearms at Izael C. Jackson without provocation or just cause.

36. Defendant Officers BELCHER and GONZALEZ shot and killed Izael C. Jackson without just cause.

37. Izael C. Jackson did not consent to having a firearm pointed at him.

38. Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

39. The Defendant Officers BELCHER and GONZALEZ placed Izael C. Jackson in apprehension of being battered, thus constituting an assault under Illinois law.

40. Defendant Officers BELCHER and GONZALEZ committed a battery against Izael C. Jackson under Illinois law.

41. Defendant Officers BELCHER and GONZALEZ's conduct proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, BELCHER and GONZALEZ, and each of them, and award compensatory damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VI
### (Assault and Battery Against Defendant Officers - Survival Act)

42. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

43. Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

44. Defendant Officers BELCHER and GONZALEZ intentionally directed and discharged their firearms at Izael C. Jackson without provocation or just cause.

45. Defendant Officers BELCHER and GONZALEZ shot and killed Izael C. Jackson without provocation or just cause.

46. Izael C. Jackson did not consent to having a firearm directed or fired at his person.

47. Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

48. The actions of the said Officers placed Izael C. Jackson in apprehension of being battered, and thus constituted an assault under Illinois law.

49. The Defendant Officers who shot Izael C. Jackson committed a battery under Illinois law.

50. BELCHER and GONZALEZ's actions proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

51. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the Defendants, BELCHER and GONZALEZ, and each of them, award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior Wrongful Death)

52. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

53. The City of Chicago, by and through Officers, BELCHER, GONZALEZ, CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

54. Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, Defendant Officers, BELCHER, GONZALEZ, CASCONE and LOPEZ committed the following willful and wanton acts:

   a. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the them;

   b. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the them;

   c. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed;

   d. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson

8

although he was unarmed; and

    e.    CASCONE and LOPEZ willfully and wantonly failed to intervene when BELCHER and GONZALEZ committed the aforesaid acts a through d.

55. The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Izael C. Jackson's death, thereby depriving his heirs of his society, companionship, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

### COUNT VIII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior Survival Act)

56. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

57. Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

58. The City of Chicago, by and through Defendant Officers, BELCHER, GONZALEZ, CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

59. Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, Officers CASCONE, LOPEZ, BELCHER and GONZALEZ committed the following willful and wanton

9

acts:

    a.    BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although they knew, or should have known, that Jackson did not pose an imminent threat to the named officers;

    b.    BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although they knew, or should have known, that Jackson did not pose an imminent threat to the named officers;

    c.    BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although Jackson was unarmed;

    d.    BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although Jackson was unarmed; and

    e.    CASCONE and LOPEZ willfully and wantonly failed to intervene when BELCHER and GONZALEZ committed the aforesaid acts a through d.

60. The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

61. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT IX
### (State Law Claim Against Officers BELCHER and GONZALEZ for Willful and Wanton Behavior - Wrongful Death)

62. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as

though fully set forth in this Count.

63. Defendant Officers BELCHER and GONZALEZ owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

64. Notwithstanding the duties he owed to Izael C. Jackson, Defendant Officers BELCHER and GONZALEZ committed the following willful and wanton acts:

   a. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Defendant Officers;

   b. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Defendant Officers;

   c. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed; and

   d. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he was unarmed.

65. Defendant Officers' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff and against the Defendants, BELCHER and GONZALEZ, and each of them, and for compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT X
### (State Law Claim Against Officers BELCHER and GONZALEZ
### for Willful and Wanton Behavior - Survival Act)

66. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

67. Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

68. Defendant Officers BELCHER and GONZALEZ owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

69. Notwithstanding the duties the Defendant Officers owed to Izael C. Jackson, Defendant Officers BELCHER and GONZALEZ committed the following willful and wanton acts:

   a. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Defendant Officers;

   b. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Defendant Officers;

   c. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed; and

   d. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he was unarmed.

70. The acts and omissions of the Defendant Officers BELCHER and GONZALEZ

proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

71. Such action has survived him and accrued to the benefit of his heirs at law.

72. As a direct and proximate result of one or more the aforesaid acts or omissions of the Defendant Officers BELCHER and GONZALEZ, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

73. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against the Defendants, BELCHER and GONZALEZ, and each of them, and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XI
### (State Law Claim Against Defendant Officers CASCONE and LOPEZ for Willful and Wanton Behavior - Wrongful Death)

74. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

75. Officers CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

76. Notwithstanding the duties he owed to Izael C. Jackson, Defendant Officers CASCONE and LOPEZ committed the following willful and wanton acts:

    a.    CASCONE and LOPEZ willfully and wantonly failed to intervene when Officer

BELCHER and GONZALEZ displayed and directed his(their) firearm(s) at Izael C. Jackson, and shot him, without provocation; and

b.      CASCONE and LOPEZ otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on April 24, 2010.

77.      Officers CASCONE's and LOPEZ' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

WHEREFORE, the Plaintiff requests that this Court enter judgment in favor of the Plaintiff, and against the Defendants, CASCONE and LOPEZ, and each of them, and for compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XII
### (State Law Claim Against Officers CASCONE and LOPEZ for Willful and Wanton Behavior - Survival Act)

78.      The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

79.      Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

80.      Defendant Officers CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain from engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

81.      Notwithstanding the duties Officers CASCONE and LOPEZ owed to Izael C. Jackson, said Officers committed the following willful and wanton acts:

a.      CASCONE and LOPEZ willfully and wantonly failed to intervene when Officers

BELCHER and GONZALEZ displayed and directed his firearm at Izael C. Jackson, and shot him, without provocation; and

b. CASCONE and LOPEZ otherwise acted willfully and wantonly during their interactions with Izael C. Jackson on April 24, 2010.

82. The acts and omissions of Officers CASCONE and LOPEZ proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

83. Such action has survived him and accrued to the benefit of his heirs at law.

84. As a direct and proximate result of one or more the aforesaid acts or omissions of the Officers CASCONE and LOPEZ, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

85. Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff, and against Defendants, CASCONE and LOPEZ, and each of them, and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XIII
**(745 ILCS 10/9-102 Claim against the City of Chicago)**

86. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 85 as though fully set forth this Count.

87. The City of Chicago was at all times relevant to this complaint charged with

oversight of the Officers BELCHER, GONZALEZ, CASCONE and LOPEZ.

88. The City of Chicago was at all times relevant to this complaint the employer of Officers BELCHER, GONZALEZ, CASCONE and LOPEZ.

89. Officers BELCHER, GONZALEZ, CASCONE and LOPEZ committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Chicago.

WHEREFORE, should the Defendant Officers be found liable for the acts alleged in this complaint, Plaintiff demands that pursuant to 745 ILCS 10/9-102, the CITY OF CHICAGO pay any judgment obtained against Officers BELCHER, GONZALEZ, CASCONE and LOPEZ in connection with this litigation and such other additional relief, as this Court deems equitable and just.

## COUNT XIV
**(Respondeat Superior Claim Against the City of Chicago)**

90. The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 85 as though fully set forth in this Count.

91. Officers BELCHER, GONZALEZ, CASCONE and LOPEZ were at all times relevant to this complaint employees of the City of Chicago, and discharged in the conduct complained of in the course and scope of their employment.

92. The City of Chicago is and was at all times material to this Complaint the employer and principal of Officers BELCHER, GONZALEZ, CASCONE and LOPEZ

93. The above-referenced acts of Officers BELCHER, GONZALEZ, CASCONE and LOPEZ were within the scope of their employment as Officers with the City of Chicago, and

therefore the City of Chicago, as the principal of Officers BELCHER, GONZALEZ, CASCONE and LOPEZ, is liable for the actions of its agents under the doctrine of respondeat superior.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment against in favor of the Plaintiff and against the CITY OF CHICAGO and award the Plaintiff compensatory damages and any further relief this Honorable Court deems just.

    Respectfully submitted,
OCTAVIA MITCHELL, as personal representative of the estate of IZAEL C. JACKSON, deceased, and OCTAVIA MITCHELL, individually

/s/ Deidre Baumann
_____
By:    One of Her Attorneys

Deidre Baumann
Baumann & Shuldiner
20 S. Clark St., Ste. 500
Chicago, IL 60603
(312) 558-3119