## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIA MITCHELL as Personal Representative of the Estate of IZAEL C. JACKSON, and OCTAVIA MITCHELL, individually, | ) ) ) | No. 11 C 02741 |
| | ) | |
| Plaintiffs, | ) ) | HONORABLE JUDGE SHARON JOHNSON-COLEMAN |
| | ) | |
| | ) | Magistrate Judge Mason |
| vs. | ) | |
| | ) | Jury Demand |
| P.O. JESSE W. BELCHER, Star No. 11304, SERGEANT JAMES D. CASCONE, Star No. 1488, P.O. FRANCISCO GONZALEZ, Star No. 16782, P.O. NELSON LOPEZ, Star No. 3544, and the CITY OF CHICAGO, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' *AMENDED* ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S 1ST AMENDED COMPLAINT AT LAW

Defendant, City of Chicago ("City"), Jesse Belcher ("Belcher"), James Cascone ("Cascone"), Francisco Gonzalez ("Gonzalez"), and Nelson Lopez ("Lopez") by one of their attorneys, Caroline Fronczak, Assistant Corporation Counsel, for their answer, affirmative defenses, and jury demand to the First Amended Complaint state as follows:

### JURISDICTION

1.    The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a) and the Constitution of the United States.

**ANSWER:**    Defendants admit the allegations contained in this paragraph.

### VENUE

2.    Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in Cook County, located in this District.

**ANSWER:**    Defendants admit that venue is proper.

## PARTIES

3.     The Plaintiff, Octavia Mitchell, is the appointed personal representative of the Estate of Izael C. Jackson, deceased.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4.     At all times relevant to this matter, Chicago Police Officers, P.O. JESSE W. BELCHER, Star No. 11304, SERGEANT JAMES D. CASCONE, Star No. 1488, P.O. FRANCISCO GONZALEZ, Star No. 16782, and P.O. NELSON LOPEZ, Star No. 3544, ("Defendant Officers") were duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois.  The Defendant Officers are sued in their individual capacities.

**ANSWER:**     Defendants admit the allegations of this paragraph.

5.     The Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers.

**ANSWER:**     As to the named individual defendants, Defendants admit the allegations contained in this paragraph.  Defendants lack knowledge or information sufficient to for a belief as to the truth or falsity of the allegations as they relate to unknown officers.

6.     At all times relevant to this Complaint, the Defendant Officers were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois.

**ANSWER:**     Defendants admit that at all times relevant to the complaint the Defendant officers we acting under color of state law.  Because defendants do not know what Plaintiff means as to the allegations relating to "ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois", Defendants lack knowledge as to the truth or falsity of the remaining allegations contained in this paragraph and further deny any alleged wrongdoing. the allegations contained in this paragraph.

## FACTS COMMON TO ALL COUNTS

2

7.     On or about April 24, 2010, the Decedent, Izael C. Jackson, was a passenger in a vehicle traveling in the City of Chicago.

**ANSWER:**     Defendants admit the allegations of this paragraph.

8.     On said date and at said time, the Defendant Officers, made a traffic stop.

**ANSWER:**     Defendants admit that on said date and at said time, the Defendant Officers, attempted to  make a traffic stop.  Defendants deny the remaining allegations of this paragraph.

9.     At said time, without provocation, Defendant Officers directed and discharged his (their) firearm(s) at Izael C. Jackson, shooting and fatally wounding him.

**ANSWER:**     Defendants deny the allegations of this paragraph.

10.     Izael C. Jackson died from the gunshot wound he sustained when he was shot by the Defendant Officers.

**ANSWER:**     Upon information and belief, Defendants admit that Izael C. Jackson died from the gunshot wound.  Defendants deny that the shooting was wrongful.

11.     At least one witness observed the interactions between the Defendant Officers and Izael C. Jackson.  This witness did not observe Izael C. Jackson take action that warranted Defendant Officers to discharge their firearms or that would otherwise warrant Izael Jackson to be shot dead.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether at  least one witness observed the interactions between the Defendant Officers and Izael C. Jackson.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations as to whether this witness did not observe Izael C. Jackson take action that warranted Defendant Officers to discharge their firearms or that would otherwise warrant Izael Jackson to be shot dead.  Defendant officers further deny the alleged misconduct as to each and every allegation made in this complaint.

12. On April 24, 20l0, Izael C. Jackson did not assault and/or batter the Defendant Officers.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

13. On April 24, 20l0, Izael C. Jackson did not threaten the Defendant Officers.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

14. On April 24, 20l0, Izael C. Jackson did not provoke the Defendant Officers in any manner that justified the use of force against him.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

15. On April 24, 20l0, Izael C. Jackson did not have a weapon on his person when he was shot by Defendant Officers.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16. On April 24, 2010, Izael C. Jackson did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them injury.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

17. It was not necessary for Defendant Officers to shoot Izael C. Jackson on April 24, 20l0.

**ANSWER:** Defendants deny that Plaintiff has accurately alleged the law as it relates to the use of deadly force and deny the allegations contained in this paragraph.

18. The use of force initiated and utilized by Defendant Officers was excessive, unreasonable and unjustifiably caused Izael C. Jackson's death.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

19. The force utilized by the Defendant Officers was reckless, willful and utterly disregarded the rights and safety of Izael C. Jackson. This conduct was performed deliberately, with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of Izael C. Jackson.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

20.     The conduct of the Defendant Officers proximately caused Izael C. Jackson's death.

**ANSWER:**     Defendants deny that they committed the wrongdoing alleged in the complaint and therefore deny the allegations contained in this paragraph.

21.     As a result of Izael C. Jackson's death, his heirs have been deprived of his companionship, society, love, affection and a pecuniary interest.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, but deny that they committed any wrongdoing alleged in the complaint.

22.     As a result of the conduct of the Defendant Officers, Izael C. Jackson suffered pain and anguish prior to his death.

**ANSWER:**     Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph, but deny that they committed any wrongdoing alleged in the complaint.

**COUNT I**
**(Section 1983 Claim Against Defendant Officers BELCHER and GONZALEZ**
**Excessive Force**

23.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**     Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

24.     The discharge of a firearm by Defendant Officers, BELCHER and GONZALEZ, without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

**ANSWER:**     Defendants Belcher and Gonzalez deny the wrongdoing complained of and therefore, deny the allegations contained in this paragraph.

5

25.    The conduct of the Defendant Officers, BELCHER and GONZALEZ proximately caused lzael C. Jackson's death and for Izael C. Jackson's heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

**ANSWER:**    Defendants Belcher and Gonzalez deny the wrongdoing complained of and

therefore,  deny the allegations contained in this paragraph.

WHEREFORE, Defendants Jesse Belcher and Francisco Gonzalez respectfully request that

this cause be dismissed with prejudice, that judgment be entered in their  favor and against plaintiff,

with costs and that this court grant any other relief which it deems necessary and proper.


**COUNT II**
**[OMITTED]**


**COUNT III**
**(Section 1983 Claim Against Defendant Officers CASCONE and LOPEZ**
**Failure to Intervene)**

31.    The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**    Defendants hereby reincorporate and reassert their answers to  paragraphs 1

through 22 as though fully set forth here.

32.    The failure of Defendant Officer CASCONE and LOPEZ to intervene when Defendant Officer BELCHER and GONZALEZ displayed and directed his (their) firearm(s) at Izael C. Jackson, and shot Izael C. Jackson, without provocation, constitutes a violation of §42 U.S.C. 1983.

**ANSWER:**    Defendants Cascone and Lopez deny the wrongdoing complained of and

therefore,  deny the allegations contained in this paragraph.

33.    The conduct of the Defendant Officer CASCONE and LOPEZ proximately caused Izael C. Jackson's death and for his heirs to lose his companionship, society, love, affection and

suffer a pecuniary loss.

**ANSWER:**    Defendants Cascone and Lopez deny the wrongdoing complained of and therefore,  deny the allegations contained in this paragraph.

WHEREFORE, Defendants James Cascone and Nelson Lopez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT IV
## [OMITTED]

## COUNT V
### (Assault and Battery Against Defendant Officers BELCHER and GONZALEZ
### - Wrongful Death)

34.    The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**    Defendants hereby reincorporate and reassert their answers to  paragraphs 1 through 22 as though fully set forth here.

35.    Defendant Officers, BELCHER and GONZALEZ intentionally directed and discharged his (their) firearm(s) at lzael C. Jackson without provocation or just cause.

**ANSWER:**    Defendants Belcher and Gonzalez deny the allegations contained in this paragraph.

36.    Defendant Officers BELCHER and GONZALEZ shot and killed Izael C. Jackson without just cause.

**ANSWER:**    Defendants Belcher and Gonzalez deny the allegations contained in this paragraph.

37.     Izael C. Jackson did not consent to having a firearm pointed at him.

**ANSWER:**     Defendants Belcher and Gonzalez deny that Plaintiff has accurately stated the law as to this count.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether Izael C. Jackson did not consent to having a firearm pointed at him.

38.     Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

**ANSWER:**     Defendants Belcher and Gonzalez deny that Plaintiff has accurately stated the law as to this count.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

39.     The Defendant Officers BELCHER and GONZALEZ placed lzael C. Jackson in apprehension of being battered, thus constituting an assault under Illinois law.

**ANSWER:**     Defendants deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

40.     Defendant Officers BELCHER and GONZALEZ committed a battery against Izael C. Jackson under Illinois law.

**<u>ANSWER:</u>**     Defendants Belcher and Gonzalez deny the allegations contained in this paragraph.

41.     Defendant Officers BELCHER and GONZALEZ's conduct proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

**<u>ANSWER:</u>**     Defendants Belcher and Gonzalez deny that they committed the wrongdoing

complained of and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Jesse Belcher and Francisco Gonzalez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT VI
### (Assault and Battery Against Defendant Officer - Survival Act)

42.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**     Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

43.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:**     Defendants deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

44.     Defendant Officers BELCHER and GONZALEZ intentionally directed and discharged his (their) firearm(s) at Izael C. Jackson without provocation or just cause.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

45.     Defendant Officers BELCHER and GONZALEZ shot and killed Izael C. Jackson without provocation or just cause.

**ANSWER:**     Defendants deny the allegations contained in this paragraph.

46.     Izael C. Jackson did not consent to having a firearm directed or fired at his person.

**ANSWER:**     Defendants Belcher and Gonzalez deny that Plaintiff has accurately stated the law as to this count. Answering further, Defendants lack knowledge or information sufficient to

form a belief as to the truth or falsity of whether Izael C. Jackson did not consent to having a firearm directed or fired at his person.

47.     Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

**ANSWER:**     Defendants Belcher and Gonzalez deny that Plaintiff has accurately stated the law as to this count.  Answering further, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of whether Izael C. Jackson did not consent to being shot by Defendant Officers BELCHER and GONZALEZ.

48.     The actions of the said Officers placed Izael C. Jackson in apprehension of being battered, and thus constituted an assault under Illinois law.

**ANSWER:**     Defendants deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

49.     The Defendant Officers who shot Izael C. Jackson committed a battery under Illinois law.

**ANSWER:**     Defendants deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

50.     BELCHER and GONZALEZ's actions proximately caused Izael C. Jackson to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:**     Defendants deny the wrongful conduct complained of by Plaintiff and therefore deny the allegations contained in this paragraph.

51.     Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**    Defendants deny that they committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Jesse Belcher, Francisco Gonzalez, James Cascone, and Nelson Lopez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

### COUNT VII
### (State Law Claim Against the City of Chicago
### for Willful and Wanton Behavior Wrongful Death)

52.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**    Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

53.     The City of Chicago, by and through the Officers BELCHER, GONZALEZ, CASCONE and LOPEZ, owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

**ANSWER:**    Defendant City of Chicago denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore denies the allegations contained in this paragraph.

54.     Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, the Defendant Officers BELCHER, GONZALEZ, CASCONE and LOPEZ committed the following willful and wanton acts:

a.     BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have

known, that he did not pose an imminent threat to the Unknown Defendant Officers;

b.      BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

c.      BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed;

d.      BELCHER and GONZALEZ willfully and wantonly shot lzael C. Jackson although he was unarmed; and

e.      CASCONE and LOPEZ willfully and wantonly failed to intervene when BELCHER and GONZALEZ committed the aforesaid acts a through d.

**ANSWER:**      Defendant City of Chicago denies the allegations contained in this paragraph.

55.      The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

**ANSWER:**      Defendant City of Chicago denies defendants committed any wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago respectfully requests that this cause be dismissed with prejudice, that judgment be entered in its favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

### COUNT VIII
### (State Law Claim Against the City of Chicago
### for Willful and Wanton Behavior Survival Act)

56.      The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**      Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

12

57. Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as representative of Izael C. Jackson's estate, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:** Defendant City of Chicago denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore denies the allegations contained in this paragraph.

58. The City of Chicago, by and through Defendant Officers BELCHER, GONZALEZ, CASCONE and LOPEZ, owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on April 24, 2010.

**ANSWER:** Defendant City of Chicago denies that this is an accurate statement of existing law, denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore denies the allegations contained in this paragraph.

59. Notwithstanding the duties the City of Chicago owed to Izael C. Jackson, Officers CASCONE, LOPEZ, BELCHER and GONZALEZ committed the following willful and wanton acts:

a. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

b. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Unknown Defendant Officers;

c. BELCHER and GONZALEZ willfully and wantonly discharged a firearm at lzael C. Jackson although he was unarmed;

d. BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he was unarmed; and

e. CASCONE and LOPEZ willfully and wantonly failed to intervene when BELCHER and GONZALEZ committed the aforesaid acts a through d.

**ANSWER:** Defendant City of Chicago denies defendants committed any wrongful conduct complained of by Plaintiff and denies the remaining allegations contained in this paragraph.

60. The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:** Defendant City of Chicago denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore denies the allegations contained in this paragraph.

61. Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:** Defendant City of Chicago denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore denies the allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago respectfully requests that this cause be dismissed with prejudice, that judgment be entered in its favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT IX
### (State Law Claim Against Officers BELCHER and GONZALEZ for Willful and Wanton Behavior Wrongful Death)

62. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

63. Defendants BELCHER and GONZALEZ owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

**ANSWER:** Defendants Belcher and Gonzalez deny that this is an accurate statement of

existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and

therefore deny the allegations contained in this paragraph.

64.     Notwithstanding the duties he owed to Izael C. Jackson, Defendant Officers BELCHER and GONZALEZ committed the following willful and wanton acts:

a.      BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

b.      BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

c.      BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed; and

d.      BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he was unarmed.

**ANSWER:**     Defendants Belcher and Gonzalez deny the allegations contained in this

paragraph.

65.     Defendant Officers' acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

**ANSWER:**     Defendants Belcher and Gonzalez deny that the defendants committed the

wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Belcher and Gonzalez respectfully request that this cause be

dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs

and that this court grant any other relief which it deems necessary and proper.

## COUNT X
**(State Law Claim Against Officers BELCHER and GONZALEZ**

**for Willful and Wanton Behavior Survival Act)**

66.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**     Defendants hereby reincorporate and reassert their answers to  paragraphs 1

through 22 as though fully set forth here.

67.     Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:**     Defendants Belcher and Gonzalez  deny that this is an accurate statement of

existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and

therefore deny  the allegations contained in this paragraph.

68.     Defendant Officers BELCHER and GONZALEZ owed Izael C. Jackson a duty to refrain engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

**ANSWER:**     Defendants Belcher and Gonzalez  deny that this is an accurate statement of

existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and

therefore deny  the allegations contained in this paragraph.

69.     Notwithstanding the duties the Defendant Officers owed to Izael C. Jackson, Defendant Officers BELCHER and GONZALEZ committed the following willful and wanton acts:

a.     BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

b.     BELCHER and GONZALEZ willfully and wantonly shot Izael C. Jackson although he knew, or in the exercise of reasonable care should have known, that Izael C. Jackson did not pose an imminent threat to the Unknown Defendant Officers;

c.     BELCHER and GONZALEZ willfully and wantonly discharged a firearm at Izael C. Jackson although he was unarmed; and

      d.      BELCHER and GONZALEZ willfully and wantonly shot lzael C. Jackson although he was unarmed.

**ANSWER:**    Defendants Belcher and Gonzalez deny the allegations contained in this paragraph.

70.    The acts and omissions of the Defendant Officers BELCHER and GONZALEZ proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

**ANSWER:**    Defendants Belcher and Gonzalez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

71.    Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**    Defendants Belcher and Gonzalez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

72.    As a direct and proximate result of one or more the aforesaid acts or omissions of the Defendant Officers, BELCHER and GONZALEZ, the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:**    Defendants Belcher and Gonzalez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

73.    Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**    Defendants Belcher and Gonzalez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Belcher and Gonzalez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT XI
### (State Law Claim Against Defendant Officers CASCONE and LOPEZ
### for Willful and Wanton Behavior - Wrongful Death)

74.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:**     Defendants hereby reincorporate and reassert their answers to paragraphs 1

through 22 as though fully set forth here.

75.     Officers CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain from willful, wanton and reckless behavior during his interactions with him on April 24, 2010.

**ANSWER:**     Defendants Cascone and Lopez deny that this is an accurate statement of

existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and

therefore deny the allegations contained in this paragraph.

76.     Notwithstanding the duties he owed to Izael C. Jackson, Defendant Officers CASCONE and LOPEZ committed the following willful and wanton acts:

a.      CASCONE and LOPEZ failed to intervene when Defendant Officers BELCHER and Lopez displayed and directed his(their) firearm(s) at Izael C. Jackson, and shot him, without provocation; and

b.      CASCONE and LOPEZ otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on April 24, 2010.

**ANSWER:**     Defendants Cascone and Lopez deny the allegations contained in this

paragraph.

77.     Officers CASCONE and LOPEZ acts and omissions proximately caused Izael C. Jackson's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

**ANSWER:**     Defendants Cascone and Lopez deny that the defendants committed the

wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Cascone and Lopez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT XII
### (State Law Claim Against Officers CASCONE and LOPEZ for Willful and Wanton Behavior - Survival Act)

78. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

**ANSWER:** Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

79. Pursuant to common law and the Illinois Survival Statute, Octavia Mitchell, as Izael C. Jackson's appointed representative, brings this action to recover damages resulting from injuries to Izael C. Jackson.

**ANSWER:** Defendants Cascone and Lopez deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

80. Defendant Officers CASCONE and LOPEZ owed Izael C. Jackson a duty to refrain from engaging willful, wanton and reckless conduct during his interactions with him on April 24, 2010.

**ANSWER:** Defendants Cascone and Lopez deny that this is an accurate statement of existing law, deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

81. Notwithstanding the duties the Officers CASCONE and LOPEZ owed to Izael C. Jackson, Unknown Defendant Officers committed the following willful and wanton acts:

a. CASCONE and LOPEZ failed to intervene when Officers BELCHER and LOPEZ displayed and directed his firearm at Izael C. Jackson, and shot him, without

provocation; and

b.    CASCONE and LOPEZ otherwise acted willfully and wantonly during his interactions with Izael C. Jackson on Apri124, 2010.

**ANSWER:**    Defendants Cascone and Lopez deny the allegations contained in this paragraph.

82.    The acts and omissions of Officers CASCONE and LOPEZ proximately caused Izael C. Jackson to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, he had survived, he would have been entitled to maintain an action.

**ANSWER:**    Defendants Cascone and Lopez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

83.    Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**    Defendants Cascone and Lopez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

84.    As a direct and proximate result of one or more the aforesaid acts or omissions of the Officers, CASCONE and LOPEZ the Decedent, Izael C. Jackson, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

**ANSWER:**    Defendants Cascone and Lopez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

85.    Such action has survived him and accrued to the benefit of his heirs at law.

**ANSWER:**    Defendants Cascone and Lopez deny that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendants Cascone and Lopez respectfully request that this cause be dismissed with prejudice, that judgment be entered in their favor and against plaintiff, with costs

and that this court grant any other relief which it deems necessary and proper.

## COUNT XIII
### (745 ILCS 10/9-102 Claim against the City of Chicago)

86.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 85 as though fully set forth in this Count.

**ANSWER:**     Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

87.     The City of Chicago was at all times relevant to this complaint charged with oversight of the Officers BELCHER, GONZALEZ, CASCONE and LOPEZ.

**ANSWER:**     Defendant City of Chicago denies that this accurately states the duty owed to decedent and/or Plaintiff, denies that this is an accurate statement of existing law, and therefore denies the allegations contained in this paragraph.

88.     The City of Chicago was at all times relevant to this complaint the employer of the Officers BELCHER, GONZALEZ, CASCONE and LOPEZ.

**ANSWER:**     Defendant City of Chicago admits the allegations contained in this paragraph.

89.     Officers BELCHER, GONZALEZ, CASCONE and LOPEZ committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Chicago.

**ANSWER:**     Defendant City denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago respectfully requests that this cause be dismissed with prejudice, that judgment be entered in its favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## COUNT XIV
### (Respondeat Superior Claim Against the City of Chicago)

90.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 85 as though

21

fully set forth in this Count.

**ANSWER:** Defendants hereby reincorporate and reassert their answers to paragraphs 1 through 22 as though fully set forth here.

91    Officers BELCHER, GONZALEZ, CASCONE and LOPEZ were at all times relevant to this complaint employees of the City of Chicago, and discharged in the conduct complained of in the course and scope of their employment.

**ANSWER:** Defendant City of Chicago admits that Officers BELCHER, GONZALEZ, CASCONE and LOPEZ were at all times relevant to this complaint employees of the City of Chicago, and operating within course and scope of their employment. Defendant City denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the remaining allegations contained in this paragraph.

92.    The City of Chicago is and was at all times material to this Complaint the employer and principal of the Officers BELCHER, GONZALEZ, CASCONE and LOPEZ.

**ANSWER:** Defendant City admits the allegations contained in this paragraph.

93.    The above-referenced acts of Officers BELCHER, GONZALEZ, CASCONE and LOPEZ were within the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:** Defendant City of Chicago denies that the defendants committed the wrongful conduct alleged by Plaintiff, and therefore deny the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago respectfully requests that this cause be dismissed with prejudice, that judgment be entered in its favor and against plaintiff, with costs and that this court grant any other relief which it deems necessary and proper.

## AFFIRMATIVE DEFENSES

1. Defendant Officers are entitled to qualified immunity. Defendant officers are government officials, namely police officers, who performs discretionary functions. At all times material to the events alleged in Plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant officers possessed. Therefore, Defendant officers are entitled to qualified immunity as a matter of law.

2. As to Plaintiff's state law claims, Defendants are not liable for injuries arising out of their exercise of discretionary acts. Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

3. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct, pursuant to 745 ILCS 10/2-202. Belcher, Gonzalez, Lopez, and Cascone were executing and enforcing the law at all times relevant in the First Amended Complaint.

4. A local entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable. 745 ILCS 10/2-109.

5. Any allegation in Plaintiff's First Amended Complaint that can be construed as an allegation that Belcher, Gonzalez, Lopez, or Cascone committed misconduct in how they provided police services is barred by 4-102 of the Tort Immunity Act, which was in effect at the time and

23

which states:

> 4-102.  Neither a local public entity nor a public employee is liable for failure to establish a police department or otherwise provide police protection service or, if police protection service is provided, for failure to provide adequate police protection or service, failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to identify or apprehend criminals.  This immunity is not waived by a contract for private security service, but cannot be transferred to any non-public entity or employee.

745 ILCS 10/4-102

6.      As to Plaintiff's state law claims, Defendants are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

7.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party.  745 ILCS 10/2-102.

8.      Under the Illinois Local Governmental and Governmental Employees Tort Immunity Act, Defendant City of Chicago is not liable to Plaintiff if its employees or agents are not liable to Plaintiff.  745 ILCS 10/2-109.

## JURY DEMAND

The Defendants, hereby request trial by jury.

**DATED:  July 22, 2013**                                   Respectfully submitted,


                                                            /s/ Caroline Fronczak

CAROLINE FRONCZAK
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-5126
(312) 744-6566 (Fax)
Atty. No.: 06284817