IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11 cv 2741 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| City of Chicago, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants, City of Chicago et al., filed a motion to quash plaintiff's deposition subpoena for "persons with knowledge of DNA policies and procedures" from the Illinois State Police Division of Forensic Services [59] arguing that the subpoena is untimely because discovery closed finally on March 29, 2013. The motion is granted and the subpoena is quashed.

    This Court heard brief argument on the motion on August 22, 2013, at which time plaintiff stated that while preparing for the trial set to begin on November 4, 2013, she became aware of what she believes is a discrepancy in the testimony of the investigating officer as to the procedure for testing evidence. Plaintiff now seeks to depose a member of the Illinois State Police Division of Forensics to determine whose responsibility it is to decide whether to perform DNA testing of evidence and what the procedure is for doing so. Despite plaintiff's argument that the scope of the testimony would be limited, this Court believes that there was ample opportunity for plaintiff to explore this issue prior to the close of discovery. This Court notes that fact discovery was initially set to close in this matter on August 6, 2012, but this Court allowed several extensions up to and including March 29, 2013. Moreover, at the last status hearing held

in this case on May 20, 2013, plaintiff stated that she would not be calling any experts and the Court reiterated that discovery was now closed.

 The fact that the gun was not sent for DNA testing would have been known to plaintiff since she obtained the police report. Therefore, issues surrounding the procedure of DNA testing of evidence could have been explored earlier. That plaintiff took the investigating officer "at his word" that he had no part in the decision of whether to conduct DNA testing was counsel's choice. The fact that as she prepares for trial, an unidentified person has suggested otherwise, does not change the fact that counsel had several months between taking the officer's deposition and the close of discovery to review the transcript and consider whether additional testimony on this issue was needed. Therefore, defendants' Motion to Quash the subpoena is granted.

Date: August 27, 2013.

Entered: _____
United States District Judge