**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **OCTAVIA MITCHELL as Personal Representative** | ) | |
| **of the Estate of IZAEL C. JACKSON, and** | ) | **No.  11 C 02741** |
| **OCTAVIA MITCHELL, individually,** | ) | |
| | ) | **Hon. Sharon Johnson-Coleman** |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **P.O. JESSE W. BELCHER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**PLAINTIFFS' MOTIONS *IN LIMINE***

NOW COME Plaintiffs, OCTAVIA MITCHELL, by and through her attorneys,

Baumann & Shuldiner, and pursuant to the Federal Rules of Evidence and Federal Rules of Civil

Procedure, and move this Court *in limine* for an order precluding and/or barring the Defendants,

their attorneys, witnesses, or other from introducing evidence and mentioning in the presence of

the jury, the below matters.

1.      Defendants must be barred from introducing any testimony, argument, innuendo

or suggestion that Decedent or any other witness had cocaine and/or alcohol or any other drug in

their system at any relevant time.  Moreover,  Defendants must be barred from any suggestion

that the Decedent or any other witness used or abused alcohol or drugs at any time.  This

testimony would be highly prejudicial and would lack any probative value.  Moreover, any such

testimony would necessarily have to be based upon hearsay and would lack foundation. What

standard applies to police conduct with regard to excessive force claims under the Fourth

Amendment, is the "objective reasonableness under the circumstances" test.  *Lester v. City of*

1

*Chicago*, 830 F.2d 706 (7th Cir.1987). *Lester* further explains that "under the circumstances" refers to only those circumstances known and information available to the officer at the time of the officer's action. *Id*. at 711. A jury must measure the objective reasonableness of the officer's actions by standing in his shoes and judge the reasonableness of his actions based on the knowledge he possessed at that time. *Id*. There is no indication that Defendants knew of any purported drug and/or alcohol use by Decedent at the time of the incident. Knowledge of facts and circumstances gained after the fact has no place in the jury's analysis of the reasonableness of the police officer's judgment. *Sherrod v. Berry*, 856 F.2d 802, 805 (7th Cir.1988). In *Sherrod*, the Court found that the liability of the officer should be determined exclusively upon the examination and weighing of information which the officer possessed at that moment in time, and that any other information beyond that was improper, irrelevant and prejudicial. *See Id.*

2. Defendants must be barred from offering any argument, innuendo, suggestion, or testimony that the neighborhood where the incident occurred, including the area where Defendants first saw the automobile in which Decedent was riding, was a place of known drug, gang, or other illegal activity. Similarly, Defendants must be barred from offering any argument, innuendo, suggestion, or testimony that the Decedent was a gang member, belonged to a gang, or associated with gang members. Such testimony would be highly prejudicial and lack any probative value. Moreover, any testimony would be based upon hearsay and would lack foundation.

If the officers' characterization of the neighborhood or the gang membership status is based solely on the officers' subjective belief about the neighborhood or about the Decedent, it is inadmissible under Federal Rule of Evidence 403, and has no relevance to the objective standard

that governs when law enforcement officers possess reasonable and articulable suspicion that criminal activity is afoot in order to conduct an investigative search under *Terry v. Ohio. See* 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ("[I]n making that assessment it is imperative that the facts be judged against an objective standard: would the facts available to the officer at the moment of the seizure of the search 'warrant a man of reasonable caution in the belief' that the action taken was appropriate?"). The Fourth Amendment's objective standard ensures that instances of police misconduct cannot later be justified as lawful based on the officer's subjective belief about the circumstances surrounding the interaction. The Fourth Amendment holds police officers to an objective standard and the defendant officers similarly must be held to this standard.

Moreover, evidence that Decedent lived or visited high crime, drug, or gang neighborhoods, or belonged to a gang or associated with gang members, creates an undue risk of unfairly prejudicing Plaintiffs without any corresponding probative benefit. Until Defendants can satisfy the Court that there is some relevance other than unfair guilt by association, they should be barred from asking witnesses whether this was or was not a high crime, drug, or gang area. *See United States v. Irvin*, 87 F.3d 860, 865-66 (7th Cir. 1996) (observing the considerable danger of unfair prejudice from evidence that suggests guilt by association); *United States v. Doe*, 149 F.3d 634, 638 (7th Cir. 1998) ("Juries should not conclude that a particular defendant is guilty simply because the defendant shares some characteristics with a particular group."). Plaintiffs concede that officers are allowed to draw on their experiences and specialized training in making inferences and deductions based on the totality of the circumstances. *See United States v. Arvizu*, 534 U.S. 266, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002).

3

If Defendants' attempts to color the area as a "high crime area" steeped in drugs, gangs, and guns it is an impermissible and unjustified attempt to pander to the fear of jurors in order to justify their unlawful conduct. Therefore, any evidence or testimony regarding the neighborhood and surrounding area as being a "high crime area" constitutes evidence that is vastly more prejudicial than probative of any legitimate issue in this trial and is inadmissible under Federal Rule of Evidence 403.

3.      Defendants must be barred from introducing Decedent's criminal history, particularly any arrests, misdemeanors, crimes that occurred more than ten years ago, and any criminal background suggesting prior acts of violence or possession or use of a weapon.  To allow testimony regarding other arrests, in particular, would be unduly prejudicial which would outweigh any probative value.  Under Federal Rules, an arrest, without a conviction is not admissible. Fed. R. Evid. 609.  Moreover, evidence related to a person's character or a trait of character is inadmissible unless it falls under one of the exceptions enumerated in Fed. R. Evid. 404. *Strong v. Clark*, 1990 WL 70421, at *2 (N.D.I11. 1990) (prior criminal behavior is inadmissible to prove a party's bad character); *Lovergine v. Willerth*, 1986 WL 10352, at *2 (N.D.Ill. 1986) (holding a party's previous arrests to be precisely the type of evidence Fed. R. Evid. 404 was designed to exclude). This is because this type of evidence is more prejudicial than probative. *Brandon v. Village of Maywood*, 179 F.Supp.2d 847, 854 (N.D.I11. 2001) (past arrest inadmissible to show bias because potential for unfair prejudice outweighs any probative value).

There is no probative value under Fed. R. Evid. 404(b) gained by exposing a jury to evidence of Decedent's prior arrests or other contacts with the police. The only possible use for

the prior arrests by Defendants is to diminish the Decedent as a human being in the eyes of the jury, put simply to make him out to be a bad character. Such a use is a deliberate prejudicial attack of the Plaintiffs. Fed. R. Evid. 402, 403, 404. *See also Strong v. Clark*, 1990 WL 70421 (N.D.Ill. 1990) (Conlon, J.) (prior criminal behavior is inadmissible to prove a party's bad character); *Lovergine v. Willerth*, 1986 WL 10352 (N.D.111 1986) (holding a party's previous arrests to be precisely the type of evidence Federal Rule 404 was designed to exclude).

4. Defendants must be barred from introducing certain character evidence of the Defendant Officers. Defendants Officers may have received commendations and/or awards in the course of their employment as police officers. However, the introduction of this evidence at trial is inadmissible under Federal Rule of Evidence 404(a). See Fed. R. Evid. 404(a). Nor does such evidence fall under the character evidence exceptions. *See* Fed. R. Evid. 404(a)(1), 404(a)(2) and 404(a)(3).

Character evidence in the form of past commendations and/or honors of the Defendant Officers is wholly unrelated and irrelevant to Plaintiffs' claims. Such evidence does not bear upon the issue of excessive force used by the Defendant Officers. It is self-serving and catered to cast Defendants in a favorable light. Thus, it is a distraction from the true issues at bar in this matter, that is, whether the Defendant Officers used excessive force.

The questions to be resolved here are whether, objectively, the Defendant Officers used force that was excessive. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Furthermore, evidence of commendations earned by Defendant Officers would constitute inadmissible hearsay under Fed. R. Evid. 401(a)(1). *See United States v. Washington*, 106 F.3d 983 (D.C.Cir. 1997); *United States v. Nazzaro*, 889 F.2d 1158 (1st Cir. 1989); *United States v. Barry*, 814 F.2d 1400,

1404 (9th Cir. 1987). Lastly, such evidence has absolutely no probative value regarding the disputed issues in this litigation and would be highly prejudicial to Plaintiffs. Hence, it must be excluded from trial. *See* Fed. R. Evid. 401, 403 and 404.

     5.    Defendants must be barred from any mention of police officers risking their life on the job. Defendants should be barred and/or precluded from mentioning that police officers risk their life on the job. This evidence is not relevant to the instant cause and causes the jury to take their eye off the ball - the facts of the case. While it is true that some police officers may risk their life on the job, at times, these risks are not relevant to the incident in question. As the risks are not relevant, the evidence should be inadmissible. Further, the fact that officers do have some risk in their job speaks to nature of their profession and does not meaningfully contribute to a determination of whether the defendant officers engaged in a false arrest or excessive force. In fact, introducing testimony of the risks involved in a police officer's job simply bolsters the officers as character evidence, in violation of FRE 404(b) and is a masked method of implying that police officers are heroes. This implication may result in the jury giving greater weight to the police officers or looking upon them sympathetically. Further, such evidence has absolutely no probative value regarding the disputed issues in this litigation and would be highly prejudicial to Plaintiffs. *See* Fed. R. Evid. 401, 403 and 404.

     Alternatively, even if Defendants are allowed to ask questions to the witnesses with regards to the risk involved, they should not be allowed to make any arguments related to the general risk a police officer has on the job in their closing argument. The closing argument only concerns facts or reasonable inferences that can be drawn from the facts of the case. Speaking generally about the risk that police officers take on the job is not connected to the facts of the

case and therefore should not be allowed. If Defendants are allowed to speak generally about police officer on the job risks, Plaintiffs should also be allowed to speak about the abuses committed by these police officers as well.

There are yet other reasons to preclude this prejudicial evidence and/or argument. For argument to be posited relative to this issue, evidence would have to be submitted which supports this argument. Plaintiffs submit that there is little probative value to submitted evidence which concerns the officers daily activities and then to the extent that the officer, in those activities, risks his/her life. Closing argument should be based on reasonable inferences from the facts. If there is no evidence as to this issue at this trial then there should not be argument posited at closing argument in this connection. However, if the Defendants do introduce positive character evidence as to the fact that the officers risk their lives every day, the Plaintiffs should be able to rebut with internal investigations which demonstrate otherwise, including sustained and unsustained allegations of misconduct (*i.e.* Officer finding of excessive force). Hence, the "risk their lives everyday" argument opens the doors to mini-trials about irrelevant issues. As Courts usually abhor mini-trials, Plaintiffs pray that this Court prohibit argument and/or evidence in this connection.

6.     Defendants must be precluded from suggesting that the instant matter was filed primarily for financial gain. American jurisprudence has established a civil system of justice that contains at bottom, a compensatory system of relief which predominately concerns financial restitution. This system is based on the United States Constitution, statutory (42 U.S.C. sec. 1983) and common law. To attack this system of monetary relief without basis, during a trial, generates jury confusion and prejudice.

Defendants commonly argue that "all the Plaintiff wants is money" or "this is about money." This argument is unfairly prejudicial as it attacks the fundamental basis behind the legal system. In point of fact, usually this Court will ask the venire if it has any difficulty with the notion that financial compensation is to be awarded to a Plaintiff if he can prove his case. If a member of the venire advises that he cannot follow that proposition, he will be excused for cause.

7.      The Defendant Officers should be precluded and/or barred from wearing uniforms and medals at trial. Defendant Officers may come to the courtroom wearing their uniform and medals in the courtroom as Chicago police officers. For the same reasons mentioned in motion *in limine* 4 above. Defendant Officers should be precluded and/or barred from wearing their uniforms or medals in the courtroom. The introduction of this evidence at trial is inadmissible under Federal Rule of Evidence 404(a). See Fed. R. Evid. 404(a). Nor does such evidence fall under the character evidence exceptions. See Fed. R. Evid. 404(a)(1), 404(a)(2) and 404(a)(3).

Character evidence in the form of uniforms or medals of the Defendant Officers is wholly unrelated and irrelevant to Plaintiffs' claims. Such evidence does not bear upon the issue of excessive force used by the Defendant Officers. It is self-serving and catered to cast Defendants in a favorable light. Thus, it is a distraction of the true issue at bar in this matter: Did Defendant Officers use excessive force against the Decedent?

The questions to be resolved here are whether, objectively, the Defendant Officers used force that was excessive. *See Graham v. Connor*, 490 U.S. 386, 395 (1989). Such evidence has absolutely no probative value regarding the disputed issues in this litigation and would be highly

prejudicial to Plaintiffs.  Hence, it must be excluded from trial. *See* Fed. R. Evid. 401, 403 and 404.

       8.     Defendants should be precluded and/or barred from making the argument or procuring testimony regarding the Defendant Officers motive or intent in their actions towards Decedent.  Neither motive nor intent are elements in Plaintiffs' excessive force claims.  In *Graham v. Connor*, the U.S. Supreme Court stated that motive and intent are not factors in determining whether excessive force was used. 490 U.S. 386, 397 (1989). `[T]he "reasonableness" inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.' *Id.* (emphasis added); *see also Saucier v. Katz*, 533 U.S. 194, 210 (2001)(overruled on other grounds). Additionally, there is no requirement for motive and/or intent in the jury instructions.

       Any mention of a potential motive or intent of the officers or lack thereof would confuse and prejudice the jury.  As demonstrated by the case law and jury instructions, the Defendant Officers' motive or intent in the force used against Decedent are not relevant to the causes of action in this case.  Any evidence relative to a motive or intent or lack thereof could only be used to confuse the issues for the jury.  Plaintiffs do not have the burden of showing a motive and/or intent; and thus, should not have the burden of refuting testimony and/or argument as to what would be the Defendant Officers' motive or intent in killing the Decedent.

       WHEREFORE, for the reasons stated above, Plaintiffs respectfully request that this Court grant their motions *in limine*.

                  Respectfully submitted,

OCTAVIA MITCHELL

/s/ Deidre Baumann

_____

By:      One of His Attorneys

Baumann & Shuldiner
20 South Clark Street, Suite 500
Chicago, IL 60603
(312) 558-3119