IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

OCTAVIA MITCHELL, as Personal, )
Representative of the Estate of IZAEL )
JACKSON, and Octavia Mitchell, )
individually, )
) 11 C 2741
        Plaintiff, )
) JUDGE COLEMAN
   v. )
)
Officer JESSE BELCHER, ET AL., )
)
        Defendants. )

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTIONS[1]

**PLAINTIFF'S INSTRUCTION #1**

**7.02 GENERAL: REQUIREMENT OF PERSONAL INVOLVEMENT**

Plaintiff must prove by a preponderance of the evidence that a Defendant was personally involved in the conduct that Plaintiff complains about with regard to that Defendant. You may not hold Defendants Belcher, Gonzalez, Lopez, or Cascone liable for what other employees did or did not do.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 1**
Seventh Circuit Pattern Jury Instruction (civil) 7.02 (modified)
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____
**OBJECTION:** ____X_____

---

[1] The reason why Defendants were unable to file their objections to Plaintiff's instructions with the Final Pre-Trial order is because Plaintiff failed to timely submit her proposed instructions. Specifically, Defendants provided Plaintiff with their proposed jury instructions on September 30, 2013 and requested Plaintiff to do the same to allow the parties an adequate amount of time to respond to the respective jury instructions. Defendants repeatedly requested Plaintiff's to provide her proposed jury instructions. Yesterday morning, October 7, 2013, the undersigned defense counsel contacted Plaintiff's counsel and again requested Plaintiff's jury instructions and told her Defendants needed them immediately and that the undersigned Defense counsel had to leave the office at 5:00 p.m. Plaintiff did not provide Defendants with her jury instructions until after 5:00 p.m., which was after Defense counsel left for the day. Defense counsel was not able to review Plaintiff's proposed jury instructions until today, October 8, 2013.

# DEFENDANT'S OBJECTION TO PLAINTIFF'S JURY INSTRUCTION #1

Plaintiff's proposed instruction is a misstatement of the law as it applies to the evidence in this case. The City of Chicago is a defendant in this case only in a respondeat superior capacity. The first sentence of Plaintiff's proposed instruction improperly implies that the Plaintiff is claiming that the City actively committed wrongdoing independent of it's respondeat superior capacity. Defendant's direct the Court to Defendants' proposed instruction #25.

**PLAINTIFF'S INSTRUCTION #2**

### 7.04 LIMITING INSTRUCTION CONCERNING EVIDENCE OF STATUTES, ADMINISTRATIVE RULES, REGULATIONS, AND POLICIES

You have heard evidence about whether one or more of the Defendants violated an administrative rule. You may consider this evidence in your deliberations. But remember that the issue is whether one or more of the Defendants used excessive force on Plaintiff not whether a rule or procedure might have been violated.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 2**
Seventh Circuit Pattern Jury Instruction (civil) 7.04
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____
**OBJECTION:** \_\_\_\_X_____

### DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTION #2

Defendants object to this instruction because Defendants do not believe that there should be evidence of a locally imposed rule or regulation. See Defendants' motion *in limine* #2.

PLAINTIFF'S INSTRUCTION #3

## 14.01 Willful and Wanton Conduct--Definition

When I use the expression "willful and wanton conduct" I mean a course of action which shows actual or deliberate intention to harm or which, if not intentional, shows an utter indifference to or conscious disregard for a person's own safety.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 3**
Illinois Pattern Jury Instruction (civil) 14.01
GIVEN: _____
REFUSED: _____
WITHDRAWN: _____
OBJECTION: _____

**DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTION #3**

Defendants object to this instruction because Plaintiff's definition of willful and wanton conduct would result in a police officer being deemed "willful and wanton" in every police shooting even when the officer was legally justified in using deadly force. Under plaintiff's definition of "willful and wanton" conduct, if the officer intended to harm the plaintiff he is by definition willful and wanton. In practically every police shooting the officer intends to do harm to the person they are shooting. Thus, under Plaintiff's proposed jury instruction, a police officer can be willful and wanton and be justified in shooting decedent at the same time, which is an obvious ridiculous situation. Therefore, the definition of willful and wanton conduct must be qualified with the words, "without legal justification".

Plaintiff will likely argue that his instruction is the Illinois Pattern Jury Instruction on willful and wanton conduct. However, that is not the end of the inquiry. Illinois Supreme Court Rule 239 states that where the Illinois Pattern Jury Instruction contains an applicable civil instruction, "giving due consideration to the facts and the prevailing law, . . . the IPI instruction shall be used, ***unless the court determines that it does not accurately state the law***." Ill.S.Ct.R. 239 (Emphasis added). Rule 239 says to give "due consideration to the facts and prevailing law" when determining whether to use a pattern instruction. *Id.* A non-IPI instruction may be used if the court determines that the pattern instruction does not accurately state the law. *Id*; *Studt v. Sherman Health*, 2011 IL 108182, 951 N.E.2d 1131 (Ill. 2011). Here, the facts and the prevailing law demands that the definition of willful and wanton conduct be modified to add the words "without legal justification" to account for the fact that the defendant in this case is a police officer who is empowered to detain, arrest, and if necessary use deadly force as part of their job to uphold the law (720 ILCS 5/7-5) and who is entitled to certain immunities while

executing and enforcing the law under Section 2-202 of the Illinois Tort Immunity Act. (See also, 720 ILCS 5/2-13, defining "Peace officer" as "any person who by virtue of his office or public employment is vested by law with a duty to maintain public order or to make arrests for offenses..."). Defendants have no objection to Plaintiff's instruction if the words "without legal justification" is added after the words "deliberate intention to harm". See also Defendant's instruction # 22.

**PLAINTIFF'S INSTRUCTION #4**

**14.04 Duty To Refrain From Willful And Wanton Conduct--Defendant**

It was the duty of Defendants Belcher and Gonzalez under the Illinois Wrongful Death Act and Illinois Survival Act claims, before and at the time of the occurrence, to refrain from willful and wanton conduct which would endanger the safety of the decedent.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 4**
Illinois Pattern Jury Instruction (civil) 14.04 (modified)
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____
**OBJECTION:** _____

**DEFENDANTS HAVE NO OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION #4**

**PLAINTIFF'S INSTRUCTION #5**

**31.09 Action for Wrongful Death and Survival Action Brought by Personal Representative**

The Plaintiff Octavia Mitchell brings this action in a representative capacity by reason of her being executor of the estate of Izael Jackson, deceased. She represents herself as next of kin of the deceased and the estate of the deceased. They are the real parties in interest in this lawsuit, and in that sense are the real plaintiffs whose damages you are to determine if you decide for the executor of the estate of Izael Jackson.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 5**
Illinois Pattern Jury Instruction (civil) 31.09
**GIVEN: _____**
**REFUSED: _____**
**WITHDRAWN: _____**
**OBJECTION: _____**

**DEFENDANTS HAVE NO OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION #5**

**PLAINTIFF'S INSTRUCTION #6**

**31.10 Damages--Survival Action**

If you decide for the plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the estate for any of the following elements of damages proved by the evidence to have resulted from the wrongful conduct of the defendant during the period between the time of the decedent's injuries and the time of his death, taking into consideration the nature, extent, and duration of the injury:

The pain and suffering experienced by Izael Jackson as a result of the injuries.

Whether any of these elements of damages has been proved by the evidence is for you to determine.


**PLAINTIFFS' PROPOSED INSTRUCTION NO. 6**
Illinois Pattern Jury Instruction (civil) 31.10
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____
**OBJECTION:** ____X_____

**DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTION #6**

Defendants object to this instruction because it does not designate in the first sentence of the instruction that this instruction applies to the Illinois Survival Act count. The Comment section of the Illinois Pattern Jury Instructions to this instruction specifies that the specific count involved should be designated at the beginning of the instruction. The Defendants have no objection to this instruction if the words "on Plaintiff's Illinois Survivor Act claim" is inserted after the phrase, "If you decide for the plaintiff on the question of liability."

**PLAINTIFF'S INSTRUCTION #7**

**31.11 Damages--Loss of Society--Definition**

When I use the term "society" in these instructions, I mean the mutual benefits that each family member receives from the other's continued existence, including love, affection, care, attention, companionship, comfort, guidance, and protection.


**PLAINTIFFS' PROPOSED INSTRUCTION NO. 7**
Illinois Pattern Jury Instruction (civil) 31.11
**GIVEN: _____**
**REFUSED: _____**
**WITHDRAWN: _____**
**OBJECTION: _____**


**DEFENDANTS HAVE NO OBJECTION TO PLAINTIFF'S PROPOSED INSTRUCTION #7**

**PLAINTIFF'S INSTRUCTION #8**

**31.13 Mortality Tables as Evidence of Damages--Wrongful Death Case**

If you find for the plaintiff, then in assessing damages you may consider how long Octavia Mitchell will be likely to sustain pecuniary losses as a result of her son's death, considering how long Izael was likely to have lived and how long Octavia Mitchell is likely to live.

According to a table of mortality in evidence, the life expectancy of a male person aged 18 years is _____ years. That of a female person aged _____ years is _____ years. These figures are not conclusive. They are the average life expectancies of persons who have reached those ages. They may be considered by you in connection with other evidence relating to the probable life expectancies of the decedent and his mother including evidence of the decedent's occupation, health, habits and activities, bearing in mind that some persons live longer and some persons live less than the average.

In calculating the amount of these pecuniary losses consisting of money, benefits, goods or services, you must determine their present cash value. "Present cash value" means the sum of money needed now which, together with what that sum may reasonably be expected to earn in the future, will equal the amounts of those pecuniary losses at the times in the future when they will be sustained.

Damages for loss of society are not reduced to present cash value.


**PLAINTIFFS' PROPOSED INSTRUCTION NO. 8**
Illinois Pattern Jury Instruction (civil) 31.13
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____ **/ OBJECTION:** ____X_____

**DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTION #8**

Defendants object to portions of this instruction to the extent that it changes the language of the Illinois Pattern Jury Instruction. Specifically, in the first sentence the phrase "her son's death" should be replaced with "Izael Jackson's death" and "Izael" should be replaced with "Izeal Jackson". Defendants have no further objections.

# PLAINTIFF'S INSTRUCTION #9

## 7.24 DAMAGES: PUNITIVE

If you find for Plaintiff on her federal excessive force or failure to intervene claims, you may, but are not required to, assess punitive damages against Defendants Jesse Belcher, Francisco Gonzalez, James Cascone or Nelson Lopez. The purposes of punitive damages are to punish a defendant for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendants Belcher, Gonzalez, Cascone or Lopez. You may assess punitive damages only if you find that the defendant's conduct was malicious or in reckless disregard of the decedent Izael Jackson's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Izael Jackson. Conduct is in reckless disregard of Izael Jackson's rights if, under the circumstances, it reflects complete indifference to Izael Jackson's safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

- the reprehensibility of Defendant's conduct;
- the impact of Defendant's conduct on Izael Jackson;
- the relationship between Izael Jackson and Defendant;
- the likelihood that Defendant would repeat the conduct if an award of punitive damages is not made;
- the relationship of any award of punitive damages to the amount of actual harm the Izael Jackson suffered.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 9**
Seventh Circuit Pattern Jury Instruction (civil) 7.24
**GIVEN: _____**
**REFUSED: _____**
**WITHDRAWN: _____**
**OBJECTION: \_\_\_X_____**

## DEFENDANTS' OBJECTION TO PLAINTIFF'S INSTRUCTION #9

Defendants object to this instruction because it omits a portion of the Pattern instruction. Specifically, Plaintiff's instruction omits from the jury's consideration "the financial condition of the defendant" as a factor the jury is to consider when assessing punitive damages. See Defendants' proposed instruction #28, which contains the factor of the defendant's financial condition that the jury is to consider. Importantly, Defendants will offer evidence of the defendant officer's financial conditions as it relates to the claim of punitive damages.

# PLAINTIFF'S INSTRUCTION #10

## MEASURE OF DAMAGES – WRONGFUL DEATH – UNMARRIED ADULT DECEDENT – LINEAL AND COLLATERAL NEXT-OF-KIN SURVIVING

With respect to Plaintiff's Illinois Wrongful Death Act claim, if you decide for Plaintiff on the question of liability, you must then fix the amount of money which will reasonably and fairly compensate the next of kin of the decedent for the pecuniary loss proved by the evidence to have resulted to the next of kin from the death of the decedent.

"Pecuniary loss" may include loss of money, benefits, goods, services and society.

When a decedent leaves a parent, the law recognizes a presumption that the parent has sustained some substantial pecuniary loss by reason of the death. The weight to be given this presumption is for you to decide from the evidence in this case.

In determining pecuniary loss, you may consider what the evidence shows concerning the following:

1. What money, benefits, goods and services the decedent customarily contributed in the past;
2. What money, benefits, goods and services the decedent was likely to have contributed in the future;
3. Decedent's personal expenses (and other deductions);
4. The decedent's age;
5. The decedent's sex;
6. The decedent's health;
7. The decedent's physical and mental characteristics;
8. The decedent's habits of industry, sobriety and thrift;
9. The decedent's occupational abilities;
10. The grief, sorrow, and mental suffering of Plaintiff, Octavia Mitchell.
11. The relationship between Octavia Mitchell and Izael Jackson.

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 10**
Illinois Pattern Jury Instruction (civil) 31.06
**GIVEN:** _____
**REFUSED:** _____
**WITHDRAWN:** _____
**OBJECTION:** _____

**DEFENDANTS HAVE NO OBJECTION TO PLAINTIFF'S INSTRUCTION #10**

Defendants note that this is the same instruction as Defendants' instruction #29

                                                Respectfully submitted,

                                                /s/ Scott Jebson
                                                SCOTT JEBSON
                                                Chief Assistant Corporation Counsel
                                                Attorney for Defendants

30 N. La Salle St., Suite 900
Chicago, IL  60602
(312) 744-6959, Atty. No. 6225243

CERTIFICATE OF SERVICE

       I hereby certify that I have caused true and correct copies of the above and foregoing to be served upon plaintiff via PACER, on this 8th day of October 2013.

       Respectfully submitted,

       /s/ Scott Jebson
       SCOTT JEBSON
       Chief Assistant Corporation Counsel

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
312/744-6959, Atty. No. 6225243