UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OCTAVIA MITCHELL, as Personal Representative of the Estate of IZAEL C. JACKSON, and OCTAVIA MITCHELL, individually, <br><br> Plaintiffs, <br><br> v. <br><br> P.O. JESSE W. BELCHOR, Star No. 11304, P.O. FRANCISCO GONZALEZ, Star No. 16782, and the CITY OF CHICAGO, <br><br> Defendants. | Case No. 11-cv-2741 <br><br> Judge Sharon Johnson Coleman |

MEMORANDUM OPINION AND ORDER

Jury trial was held in this matter from March 3 to March 7, 2014. The jury returned a verdict in favor of the defendants, Chicago Police Officers Jesse W. Belchor and Francisco Gonzalez. Plaintiff Octavia Mitchell, on behalf of herself and her son Izael C. Jackson, moves for a new trial [98] pursuant to Federal Rule of Civil Procedure 59. For the reasons stated below, the Court denies Mitchell's motion.

**Background**

On April 24, 2010, Izael C. Jackson was shot and killed by following a traffic stop by Chicago Police Officers. Jackson's mother, Octavia Mitchell, filed the instant lawsuit on his behalf, alleging that the police officers that shot Jackson used excessive force without justification in violation of 42 U.S.C. § 1983. A jury trial was held from March 3 to March 7, 2014, and the jury found in favor of the defendants.

**Legal Standard**

Under Rule 59, the Court may grant a new trial after a jury trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). A new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks [the Court's] conscience." *Davis v. Wis. Dep't of Corr.*, 445 F.3d 971, 979 (7th Cir. 2006) (quoting *Latino v. Kaizer*, 58 F.3d 310, 315 (7th Cir. 1995). Where a jury has reached a verdict, that verdict "will be set aside as contrary to the manifest weight of the evidence only if 'no rational jury' could have rendered the verdict." *Moore v. Tuleja*, 546 F.3d 423, 427 (7th Cir. 2008) (citing *King v. Harrington*, 447 F.3d 531, 534 (7th Cir. 2006)).

**Discussion**

Mitchell asserts two main sources of error: (1) the Court's impaneling and procedural handling of the jury; and (2) evidentiary errors. Mitchell also asserts but does not develop an argument that the verdict was against the manifest weight of the evidence. The claimed errors are without merit.

First, Mitchell argues that the Court improperly rushed the jury to finish its deliberations. Specifically, Mitchell asserts that the Court erred by keeping the jury late on a Friday afternoon when at least one juror needed to be home for religious reasons. The record does not support Mitchell's argument. The Court informed counsel that it would bring the jury out at approximately 5:00 pm. At that time, the jury informed the Court that they had reached a verdict as to one of the two defendants. The Court then gave them the option of continuing their deliberations or to return on Monday to continue deliberating, and sent them back to the jury room to confer and make a decision as to how they wanted to proceed. The Court explicitly informed the jury that there was no time limitation on their deliberations and emphasized that the Court did not "like the idea of putting

time parameters on [the jury] as far as so that it's rushed." Forty-five minutes later, the jury informed the Court that they had reached a verdict. There is no indication that the jury was improperly hasty in reaching their verdict.

Next, Mitchell asserts that the Court erred by *sua sponte* impaneling only seven jurors instead of the 8-10 agreed by the parties. However, in civil trials the Court may seat as few as six jurors. Fed.R.Civ.P. 48(a), (b). The Court impaneled seven and Mitchell did not make a contemporaneous objection to the number of jurors seated.

Mitchell also asserts that the Court made several errors in its evidentiary rulings. "The party seeking a new trial based on alleged legal errors bears a heavy burden. The party first must show an abuse of discretion in the Court's rulings, which alone is a steep hill to climb; additionally, he must then show that any alleged errors were substantial enough to deny him a fair trial, which requires proof that a significant chance exists that they affected the outcome of the trial." *James v. Williams*, 2012 U.S. Dist. LEXIS 116592 (N.D. Ill. Aug. 15, 2012) (internal citations omitted). Mitchell fails to meet this burden.

Mitchell first argues that the Court erred in preventing Mitchell from inquiring at trial about the scope of the investigation by the Illinois State Police. Mitchell sought to ask defendant's witness about DNA swabs of the guns and the automobile involved in the incident. The Court had previously granted defendants' motions *in limine* Nos. 1, 8, and 16 on this issue and denied Mitchell's request for limited pretrial discovery on this issue. The Court quashed plaintiff's deposition subpoena for "persons with knowledge of DNA policies and procedures" from the Illinois State Police Division of Forensic Services that she served five months after the close of discovery. While Mitchell argues that there was time in which to conduct the limited discovery that she sought, she provides no authority to suggest the Court was required to allow the discovery to take place so long after the close of discovery and to inquire at trial about these issues. Further, Mitchell cannot show

that she was denied a fair trial by the Court's rulings preventing the untimely discovery and the questioning at trial about the ISP investigation because neither of the defendant police officers was involved in the investigation. The only issue at trial was whether the officers were unjustified in shooting Jackson. Accordingly, the manner and scope of investigation was irrelevant.

Mitchell next asserts that defendants' violated the Courts' ruling on motions *in limine* Nos. 11, 14, and 16 during closing argument. Defendants' motion *in limine* No. 11 sought to bar any reference to the City of Chicago as a defendant and No. 14 sought to bar any reference to the City as indemnifying the defendant officers for any judgment of compensatory damages awarded. The Court granted the motions with no objection from Mitchell. Mitchell asserts that the defendants improperly argued during closing argument that defendants argued the officers would be personally liable for any judgment. However, the defendants argued only that the officers would be personally liable for punitive damages. Even if the comments made in closing had been improper, Mitchell would not be entitled to a new trial. The Court also clearly instructed the jury that closing arguments are not evidence. The Seventh Circuit has repeatedly stated that improper comments made in closing arguments are rarely reversible error and curative instructions to the jury, such as the one the Court gave here, mitigate the harm that may otherwise have resulted. *See e.g, Soltys v. Costello*, 520 F.3d 737, 745 (7th Cir. 2008).

Similarly, defendants comment with respect to "conspiracy" that Mitchell contends violated defendants' motion *in limine* No. 16 also does not rise to the level of reversible error particularly because the Court sustained Mitchell's contemporaneous objection to the comment and instructed the jury to disregard it. Thus, this Court finds that Mitchell has not shown any substantial error establishing that she was denied a fair trial.

Lastly, as noted above, Mitchell asserted but did not develop her argument that the verdict was against the manifest weight of the evidence. Mitchell's conclusory statement that the jury could

not have rendered a reasonable verdict in the time in which it deliberated is insufficient to warrant a new trial. "Merely reciting the Rule 59(a) standard and then tossing the motion into the court's lap is not enough." *Willis v. Lepine*, 687 F.3d 826, 836 (7th Cir. 2012). Here, a reasonable jury could have concluded based on the evidence presented by defendants that Jackson had a gun, fired upon the officers, and was shot while attempting to flee the scene. The jury could choose to disbelieve the only eyewitnesses not involved in the incident, Taza and Sandra Williams, and instead look to the sixteen bullet casings that were recovered, the gun that was found in Jackson's hand, and the audio recording of the incident that indicated multiple guns were being fired. Mitchell has therefore failed to meet her burden of demonstrating that the verdict was against the manifest weight of the evidence.

**Conclusion**

Mitchell's motion for a new trial [98] is denied.

IT IS SO ORDERED.

Date: July 31, 2014

Entered: _____

United States District Judge