IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OCTAVIA MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 11-cv-2741 |
| v. | ) | |
| | ) | Judge Sharon Johnson Coleman |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Octavia Mitchell filed a letter with the Court, which this Court construes as a Motion for Clarification of the Court's Order granting defendant City of Chicago's Motion to Quash [63]. The Court grants Ms. Mitchell's Motion for Clarification [143].

**STATEMENT**

The City of Chicago filed a motion to quash plaintiff's deposition subpoena for "persons with knowledge of DNA policies and procedures" from the Illinois State Police Division of Forensic Services on August 14, 2013 (Dkt. 59), arguing that the subpoena was untimely because discovery closed on March 29, 2013. On August 27, 2013, the Court granted the City's motion due to the timing of the request. (Dkt. 63.) During oral argument on the motion, Ms. Mitchell's counsel stated that while preparing for the trial set to begin on November 4, 2013, she became aware of what she believed was a discrepancy in the testimony of the investigating officer as to the procedure for testing evidence. The Court found the request was untimely because the request was made nearly five months after the close of discovery and on the eve of trial.

However, the Court's Order quashing plaintiff's deposition subpoena was based solely on the timing of the request. Ms. Mitchell's counsel issued the subpoena too close to start of trial for that material to be gathered for use in the trial. Had it been issued during the discovery period, Ms.

1

Mitchell's request for discovery regarding the DNA evidence likely would have been appropriate. The Court did not intend for the Order to preclude Ms. Mitchell from pursuing DNA evidence or testing, including requesting DNA swabs, in an alternate forum, through another method, or at a later date. To eliminate any possible ambiguity, the Court clarifies that its August 27, 2013 Order quashing plaintiff's deposition subpoena cannot be used as grounds to deny any efforts of Ms. Mitchell to collect, test, or otherwise receive DNA swabs or evidence relating to her son Izael C. Jackson.

IT IS SO ORDERED.

Date: 4/22/2019

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge